OPINION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Fulton County Court of Common Pleas denying the Civ.R. 60(B) motion filed by appellant, James M. Fenicle. For reasons other than those stated by the trial court, we affirm the decision of the trial court denying appellant's motion for relief from judgment.
On June 27, 1997, we affirmed the judgment of the trial court which granted the motion for summary judgment filed by appellee Central Insurance Company. Fenicle v. Central Ins. Co.
(June 27, 1997), Fulton App. No. F-96-036, unreported. In so doing, we held that causes of action accruing after October 20, 1994 were governed by R.C. 3937.18(A)(2), codification of Am.Sub.S.B. No. 20. In our decision, we relied, in part, on Rossv. Farmers Ins. Group of Cos. (Jan. 10, 1997), Montgomery App. No. 15865, unreported. Alternatively, we also held that appellant was barred from recovering underinsured motorist coverage because he failed to notify appellee of his intention to release the tortfeasor.[1] At the time of our decision, Ross was on appeal before the Ohio Supreme Court. Nevertheless, appellant neither appealed our decision to the Ohio Supreme Court, nor filed a motion for reconsideration in this court.
On July 1, 1998, the Ohio Supreme Court reversed Ross
and held that "[f]or the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract for automobile liability insurance controls the rights and duties of the contracting parties." Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, syllabus.
On January 19, 1999, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4) and (5). Appellant argued that the Ross decision rendered this court's decision void as unconstitutional. As such, appellant asserted that the judgment should be set aside.
On February 18, 1999, Judge Barber held that because we had relied on the appellate court's holding in Ross, and because that decision had been reversed by the Ohio Supreme Court, appellant would be entitled to have the initial decision from the trial court set aside, pursuant to Civ.R. 60(B). However, because we had already determined that appellee's "notification/consent" rights had been violated, the trial court reluctantly held that relief from judgment could not be granted.
Appellant appealed the denial of his Civ.R. 60(B) motion and raises the following assignments of error:
 "I. THE TRIAL COURT ERRED IN FAILING TO GRANT 60(B) RELIEF FROM ITS PRIOR SUMMARY JUDGMENT FOR DEFENDANT WHEN IT NOW MAKES FINDING OF FACT AND LAW SHOWING THE PRIOR JUDGMENT IN ITS ENTIRETY TO BE UNCONSTITUTIONAL AND VOID.
 "II. THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON THE 60(B) MOTION.
 "III. THE TRIAL COURT ERRED IN BASING ITS REFUSAL OF 60(B) RELIEF SOLELY ON COMMENTS IN THIS COURT'S PRIOR APPELLATE OPINION ON AN UNLAWFUL ALTERNATE DEFENSE URGED BY DEFENDANT ON WHICH THE TRIAL COURT HAD MADE NO FINDINGS OF EITHER FACT OR LAW IN ITS ORIGINAL JUDGMENT."
Appellant is not entitled to Civ.R. 60(B) relief and, therefore, we affirm the decision of the trial court. In order to prevail on a motion brought pursuant to Civ.R. 60(B), the moving party must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." Key v. Mitchell (1998),81 Ohio St.3d 89, 90-91, citing, State ex rel. Durkin v. Ungaro
(1988), 39 Ohio St.3d 191, 192, and State ex rel. McCoy v. Coyle
(1997), 80 Ohio St.3d 1430.
Insofar as appellant failed to appeal our June 27, 1997 to the Ohio Supreme Court, he cannot now seek relief pursuant to Civ.R. 60(B). See Key, supra. Moreover, even assuming, arguendo, that Civ.R. 60(B) could be applied in this case, the Ohio Supreme Court has clearly held that "[a] subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60(B)." Doe v. Trumbull Co. Children Services Bd. (1986),28 Ohio St.3d 128, paragraph one of the syllabus. The rationale for this holding is that there is a "strong interest in the finality of judgments." Id. at 131. According to the Ohio Supreme Court:
 "To hold otherwise would enable any unsuccessful litigant to attempt to reopen and relitigate a prior adverse final judgment simply because there has been a change in controlling case law. Such a result would undermine the stability of final judgments and, in effect, render their enforceability conditional upon there being `no change in the law.' [Citation omitted.]" Id.
Based on Doe, we find that appellant is not entitled to relief from judgment on the basis that Ross, supra, was reversed by the Ohio Supreme Court. Accordingly, we find that the trial court correctly concluded, albeit on other grounds, that appellant was not entitled to Civ.R. 60(B) relief. As such, we find that appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant argues that the trial court erred in failing to hold a hearing on his Civ.R. 60(B) motion. Appellant is only entitled to a hearing if his Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment. See Coulson v. Coulson
(1983), 5 Ohio St.3d 12, 16. Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). S. Ohio Coal Co. v. Kidney (1995),100 Ohio App.3d 661, 667. See, also, State ex rel. Richard v. Seidner
(1996), 76 Ohio St.3d 149, 151. Accordingly, insofar as appellant failed to demonstrate any basis for relief from judgment, we find that the trial court did not err in failing to conduct a hearing on appellant's motion. Accordingly, appellant's second assignment of error is also found not well-taken.
Based upon the foregoing, appellant's third assignment of error is rendered moot and found not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ James R. Sherck, J.
 _______________________________ Richard W. Knepper, J.
CONCUR.
[1] The issue of notice was raised both by appellee in its motion for summary judgment and by appellant in his third assignment of error.