OPINION
This is an accelerated calendar appeal. Leslie Berger Benson ("appellant") appeals an April 5, 2000 judgment by the Trumbull County Court of Common Pleas, Probate Division, denying his motion for relief from a judgment entered on July 3, 1997 by the same court.
On January 3, 1997, Barbara B. Diez issued an installment note in the amount of $32,107 to the city of Farrell. This note was secured by a mortgage on the real estate and personal property of her business, Ideal Dry Cleaners, a sole proprietorship. Barbara B. Diez ("decedent") passed away on March 20, 1997. Decedent was survived by two children, appellant and Roxann D. Gross ("executrix"). Decedent's will, dated February 13, 1997, was admitted to probate on April 4, 1997. Decedent's will devised Ideal Dry Cleaners, the building and all the equipment, to appellant.
A hearing was conducted on June 16, 1997, upon a motion by executrix regarding the operation of the business. Appellant was not present in the courtroom at this hearing; however, appellant was represented by counsel. Those present at the hearing included, among others, counsel for appellant, counsel for the estate, and the executrix.
The record reveals that executrix, through counsel for the estate, informed the court that it was not feasible to operate the business; therefore, she wanted to either close the business or transfer it to appellant, the designated heir. Counsel for the estate agreed to the transfer as long as appellant would indemnify the estate from any claims and liabilities, including the debts that belonged to the business. Counsel for appellant informed the court that appellant was willing to assume the payments for the loan along with any other legitimate bills of the business. The court informed the parties that they should negotiate a settlement and submit it to the court no later than June 20, 1997.
On July 3, 1997, the court filed the judgment entry that was submitted by counsel for the estate and counsel for appellant. The judgment relieved the executrix from operating the business. Appellant was ordered to take over immediately. The judgment entry also stated that the debt to the City of Farrell, secured by the assets of the business, was the responsibility of the business and was assumed paid by appellant.
On February 25, 2000, three and one-half years later, appellant filed a Civ.R. 60(B)(5) motion for relief from the judgment entry of July 3, 1997. Appellant claimed that his attorney was without authority to enter into an agreement by which appellant would indemnify the decedent's estate. Appellant also claimed that the failure of the executrix to convey the business to appellant until more than two years after her appointment as executrix constituted extraordinary and unusual circumstances. Attached to appellant's motion for relief was an affidavit by appellant which provided in pertinent part:
" * * *
 "6. A hearing was held on June 16, 1997 which Attorney Inskeep attended on my behalf. I was not present at the hearing.
 "7. I received a copy of the judgment entry filed on July 3, 1997 * * * My understanding of the agreement was that the business, including both the real estate and personal property, would be promptly conveyed to me, subject to whatever debts were owed in connection with the business.
 "8. No one ever explained to me that I would be required to indemnify the estate for any claims or losses from the operation of the business, and I never authorized my attorney to make such an agreement.
 "9. I did not receive a deed to the business real estate until May 3, 1999, and I never received a bill of sale for any of the personal property of the business.
 "10. I attempted to sell the business, and a buyer was ready, willing, and able to purchase the business from me, but I was unable to convey the business because I did not have legal title.
 "11. The City of Farrell, Pennsylvania commenced a mortgage foreclosure action against the business property on March 3, 1999 * * *. Although I was named as a party, the complaint made no allegations that I was personally liable on the mortgage obligation.
" * * *
 "13. On January 27, 2000, I became aware that a judgment was entered against me personally in the foreclosure action when I received a copy of my credit bureau report * * *." (Emphasis added.)
 On May 26, 2000, the City of Farrell filed a complaint against appellant asserting that appellant owed a balance of $19,919.35 on the loan. The complaint included a payment history of two payments in October 1997, one payment in May 1998, one payment in July 1998, one payment in August 1998, and one payment in September 1998.
On April 5, 2000, the trial court denied appellant's motion stating that counsel for appellant represented that he had full authority to make a settlement or compromise. The court also stated that there was over a two and one-half-year lapse between the judgment and the motion for relief from that judgment. Furthermore, the trial court found that a motion for relief from judgment is not a proper remedy for transfers and distributions of property in an estate pursuant to decedent's will.[1]
Appellant timely filed a notice of appeal asserting one assignment of error:
 "The probate court abused its discretion in denying appellant's unopposed motion for relief from judgment pursuant to Civ.R. 60(B)(5)."
 In appellant's sole assignment of error, appellant contends that his attorney was without authority to enter into an agreement in which appellant would indemnify the estate. Appellant also asserts that he did not understand the July 3, 1997 judgment entry to mean that he would indemnify the estate for any claims or losses pertaining to the business. Appellant claims that the nearly two-year delay between the July 3, 1997 judgment and when he received the deed to the real estate for the business should be viewed as an extraordinary and unusual circumstance. Appellant argues that as a result of the delay, he was unable to sell the business before the foreclosure action by the City of Farrell. Appellant contends that he was not aware of the judgment against him in the foreclosure action until January 27, 2000, and he immediately filed a Civ.R. 60(B)(5) motion for relief from the judgment.
On appeal, a motion for relief from judgment pursuant to Civ.R. 60(B) will not be disturbed absent a showing of abuse of discretion by the trial court. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19;Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion is defined as conduct which is unreasonable, arbitrary, or unconscionable.State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 107.
Civ.R. 60(B) provides, in part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *" (Emphasis added.)
 In order to prevail on a motion, pursuant to Civ.R. 60(B), the moving party must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Cuyahoga Support Enforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437, 440 (citing GTE Automatic Elec., Inc. v. ARC Industries, Inc. [1976], 47 Ohio St.2d 146, paragraph two of the syllabus). Civ.R. 60(B) relief is improper if one of the requirements is not satisfied. Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174; Svoboda v. Brunswick
(1983), 6 Ohio St.3d 348, 351.
The grounds for granting a Civ.R. 60(B)(5) motion must be substantial.Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. Furthermore, one must do more than make bare allegations in order to convince the trial court to set aside a judgment. Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 20.
Pursuant to Civ.R. 60(B)(5), a motion for relief of judgment must be filed within a "reasonable time." "Reasonable time" is for the trial court to determine in the exercise of its sound discretion. MiamisburgMotel v. Huntington Natl. Bank (1993), 88 Ohio App.3d 117, 128. The time limitation of Civ.R. 60(B) clearly begins from the judgment from which relief is sought. Strack, supra, at 175. Furthermore, "[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." Key v. Mitchell (1998), 81 Ohio St.3d 89,90-91.
In the case sub judice, in order to determine whether the trial court abused its discretion when it denied appellant's motion for relief of judgment under Civ.R. 60(B)(5), we must determine whether appellant satisfied the three requirements set forth in GTE Automatic Elec. We will begin with the third requirement, a determination as to whether appellant's motion was made within a reasonable time.
The trial court filed a judgment entry on July 3, 1997; however, appellant filed his motion for relief from that judgment on February 25, 2000, a lapse of over two years and seven months.
Appellant claims that his attorney was without authority to enter into an indemnification agreement. However, in appellant's affidavit attached to his motion, appellant acknowledged that he received a copy of the July 3, 1997 judgment and that he understood that the business would be promptly conveyed to him, subject to whatever debts were owed in connection to the business. Moreover, several payments were made towards the loan after the July 3, 1997 judgment which conveyed the business to appellant subject to whatever debts were owed.[2]
Similarly, appellant claims that there was almost a two-year delay in receiving the deed to the business.[3] Appellant asserts that he had a buyer who was ready to purchase the business; however, appellant was unable to convey the business because he did not have legal title. In his affidavit, appellant states that he was aware of the terms of the judgment in which the business would be promptly conveyed to him; however, appellant did not seek legal recourse to enforce that term. Rather, appellant waited over two years and seven months after the judgment to seek relief.
Furthermore, appellant contends that he was not aware of the judgment against him in the foreclosure action until January 27, 2000 when he received a copy of his credit report. However, in his affidavit, appellant acknowledged that he was aware that a foreclosure action was filed on March 3, 1999 in which he was named as a party.
Appellant's claims supporting his motion for relief from the July 3, 1997 judgment could have been raised sooner. We conclude that appellant's Civ.R. 60(B)(5)
motion was not filed within a reasonable time; therefore, appellant has not satisfied the third requirement of GTE Automatic Elec. Consequently, it is not necessary to proceed with an analysis of the remaining two requirements. The trial court did not abuse its discretion in denying appellant's Civ.R. 60(B)(5) motion for relief from judgment. The judgment of the trial court is affirmed.
FORD, P.J., CHRISTLEY, J., concur.
[1] Appellant raises error only to the trial court's denial of his Civ.R. 60(B)(5) motion to set aside the July 3, 1997 judgment entry on the grounds that it was untimely and that appellant's attorney had full authority to make a settlement. We will address the merits of appellant's Civ.R. 60(B)(5) motion.
[2] A copy of the complaint filed against appellant by the city of Farrell was attached to appellant's brief. The complaint included a payment history of two (2) payments of $424.24 in October 1997 and $424.24 payments in May 1998, July 1998, August 1998, and September 1998.
[3] The record before us does not indicate the reason for the delay.