OPINION
Defendant-appellant, Christopher M. Tress ("appellant"), appeals the February 8, 2000 judgment entry by the Portage County Court of Common Pleas, Juvenile Division, denying appellant's Civ.R. 60(B) motion to set aside the judgment entry of December 17, 1999. The relevant factual and procedural history for this appeal is as follows.
On January 27, 1998, plaintiff-appellee, Michelle L. Batsch ("appellee"), filed a complaint for paternity, alleging appellant was the biological father of Chloe Rae Batsch ("Chloe"), born December 29, 1997. Appellee sought a paternity determination, an award of custody to her, and the payment of child support along with other related expenses. On April 9, 1998, appellant filed an amended answer and counterclaim, requesting genetic testing, and, in the event that he was determined to be the biological father, appellant sought an award of custody to him or, in the alternative, the implementation of a shared parenting plan.
Thereafter, on September 14, 1998, a hearing was conducted before the magistrate. In a decision filed September 18, 1998, adopted by the trial court the same day, the magistrate indicated that DNA testing determined that appellant was the biological father of Chloe; therefore, a parent-child relationship existed. The magistrate granted custody to appellee, making her the residential parent; however, appellant was awarded visitation. The magistrate set forth a visitation schedule and ordered appellant to pay child support along with other related expenses. Appellant did not file any objections to this magistrate's decision.
Subsequently, on December 28, 1998, appellant filed motions, seeking the appointment of a guardian ad litem for Chloe and the psychological testing of both parties. In a decision filed June 15, 1999, adopted by the trial court the same day, the magistrate granted appellant's motions, appointing Attorney James Hogle as Chloe's guardian ad litem and ordering the psychological evaluation of both parties by Dr. John E. Alexander.
On October 13, 1999, another hearing was conducted before the magistrate to address the implementation of a shared parenting plan or the implementation of shared companionship. During the hearing, the following individuals testified: appellee, appellant, Dr. Alexander, Dr. Mary Marsick, Chloe's pediatrician, and MaryAnn Tress, appellant's mother.[1] Subsequently, on October 18, 1999, Attorney Hogle, Chloe's guardian ad litem, filed his report.[2]
Shortly after, on October 26, 1999, appellant filed a motion to reconvene the hearing to permit cross-examination of Attorney Hogle, reasoning that Attorney Hogle's report was contrary to his interest and to the best interest of Chloe.
In a decision filed December 17, 1999, adopted by the trial court the same day, the magistrate overruled appellant's motion to reconvene the hearing. Additionally, the magistrate stated that, upon hearing the testimony of the witnesses and considering the reports of Dr. Alexander and Attorney Hogle, a shared parenting plan was not in the best interest of Chloe. The magistrate reasoned that there was a breach of trust and cooperation and a history of disagreement between the parties. Nonetheless, the magistrate indicated that appellant was entitled to shared companionship with extended visitation and overnight visits. Appellant did not file any objections to this magistrate's decision.
On January 7, 2000, appellant filed a Civ.R. 60(B) motion to set aside the trial court's December 17, 1999 judgment adopting the magistrate's decision. Appellant asserted that his motion was based upon the grounds of mistake, inadvertence, surprise, and/or excusable neglect and on the basis that additional grounds existed to justify relief from the judgment.
The affidavit of Attorney Dennis P. Levin, appellant's current counsel, was attached to this motion. In his affidavit, Attorney Levin indicated that, during the October 13, 1999 hearing, Attorney Hogle provided some recommendations to the magistrate, but neither counsel nor the parties were privy to those recommendations. Attorney Levin further stated that it was agreed that the magistrate would prepare his decision; however, if, after receiving the magistrate's decision, appellant wished to call Attorney Hogle as a witness, appellant could do so and the new evidence would be considered before the magistrate entered his final decision.
In a decision filed February 8, 2000, adopted by the trial court the same day, the magistrate denied appellant's Civ.R. 60(B) motion to vacate the December 17, 1999 judgment, stating that the failure to reconvene the hearing cannot be deemed mistake, inadvertence, and/or surprise.[3] The magistrate also indicated that Attorney Levin's affidavit was not an accurate recitation of the events or the magistrate's instruction during the October 13, 1999 hearing.
Specifically, the magistrate stated that Attorney Hogle did not make any recommendations during the hearing; rather, Attorney Hogle approached the magistrate during recess, requesting that he be excused and stating that he would file a written report with recommendations. The magistrate also indicated that, although counsel was informed that they could request the opportunity to call Attorney Hogle as a witness, after he filed his report, counsel was not informed that a preliminary decision would be issued and that, after another hearing, a final decision would be rendered. Finally, the magistrate stated that a magistrate is not vested with the authority to grant the "right" to reconvene, and, even so, cross-examination would not have affected the magistrate's decision because it was based upon the evidence presented at the hearing, not upon Attorney Hogle's report.
Appellant did not file objections to this decision by the magistrate; rather, on March 3, 2000, appellant filed a timely notice of appeal from the trial court's February 8, 2000 judgment adopting the magistrate's decision that denied his Civ.R. 60(B) motion to set aside the court's December 17, 1999 judgment.
However, on September 11, 2000, this court sua sponte dismissed appellant's appeal for failure to prosecute, but, later, on October 5, 2000, appellant's appeal of the February 8, 2000 judgment was reinstated. Appellant asserts the following assignments of error:
 "[1] The trial magistrate and trial judge abused their discretion in failing to reconvene the hearing after the guardian ad litem filed his report and denying the appellant the right to confront the guardian ad-litem, thus denying appellant his fundamental right to cross-examine an adverse witness.
 "[2] The trial magistrate and trial judge abused their discretion in failing to vacate the entry of December 17, 1999."
Appellant incorporates identical arguments in his first and second assignments of error; therefore, we will address appellant's assignments of error collectively.
Appellant contends that the magistrate's failure to reconvene the October 13, 1999 hearing was an abuse of discretion for several reasons. First, Attorney Hogle failed to file a timely report. Second, appellant reserved the right to reconvene the hearing because the magistrate, who was vested with such authority, granted him that right. Third, the magistrate never indicated that the request to reconvene would be subject to the magistrate's determination as to whether or not it was necessary. Finally, contrary to the magistrate's decision of February 8, 2000 that the magistrate did not base his decision on Attorney Hogle's report, the December 17, 1999 decision expressly stated that the magistrate considered the report of the guardian ad litem.
Briefly, before addressing the merits of appellant's assignments of error, it is necessary to point out certain relevant facts. First, contrary to appellant's assertion in his appellate brief, appellant's motion to reconvene was explicitly ruled upon in the December 17, 1999 judgment entry. Second, appellant did not file any objections to the magistrate's decision of February 8, 2000, nor to the magistrate's decision of December 17, 1999. Therefore, the initial issue confronting us is the impact of appellant's failure to object to these magistrate's decisions.
Juv.R. 40 governs the use of magistrates in juvenile court. Pursuant to Juv.R. 40(E)(3)(a), a party may file written objections to the magistrate's decision within fourteen (14) days after the filing of that decision. Although a trial court, as in the case sub judice, may adopt the magistrate's decision and enter a judgment without waiting for the expiration of the fourteen-day objection period, the parties may still file written objections to the magistrate's decision within the permissible period. See Juv.R. 40(E)(4)(c). In such a situation, the filing of timely objections merely operates as a stay of execution of the trial court's judgment entry, adopting the magistrate's decision, until the trial court disposes of those objections. Id.
However, Juv.R. 40(E)(3)(b), which parallels the language of Civ.R. 53(E)(3)(b), states that if a party fails to file timely objections to the magistrate's decision, that party may not assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law in the magistrate's decision. See In re Etter (1998), 134 Ohio App.3d 484,491-492; In re Keller (Sept. 30, 1998), Ashtabula App. Nos. 97-A-0071 and 97-A-0072, unreported. "The waiver under Juv.R. 40(E)(3)(b) embodies the long-recognized principle that the failure to draw the trial court's attention to possible error, by objection or otherwise, when the error could have been corrected, results in a waiver of the issue for purposes of appeal." In re Etter at 492, citing Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 121. As noted by the Supreme Court of Ohio inGoldfuss, the failure to follow the procedural rules may result in a forfeiture of rights. Id. (citing Goldfuss at 122).
Nonetheless, as a precautionary measure, Juv.R. 40(E)(4)(a), which corresponds to the language of Civ.R. 53(E)(4)(a), provides that, where no objections are filed, a trial court may adopt the magistrate's decision unless the trial court determines that there is "an error of law or other defect on the face of the magistrate's decision." Such language has been construed as requiring a trial court, prior to adoption of the magistrate's decision, to make an independent examination of the magistrate's decision for any facial errors of law or other facial defects. In re Etter, supra, 134 Ohio App.3d at 491.
Moreover, many courts have allowed for an exception to the waiver rule of Juv.R. 40(E)(3)(b) when "plain error" is demonstrated. See, e.g. In reEtter at 492; In re Johnson (Dec. 11, 2000), Butler App. Nos. CA2000-03-041 and CA2000-05-073, unreported; In re Morris (Oct. 16, 2000) Butler App. No. CA2000-01-001, unreported; In re Ortego (Mar. 8, 2000), Tuscarawas App. No. 1999AP050037, unreported. Although its roots are in criminal law, the Supreme Court of Ohio has recognized the application of the plain error doctrine in civil cases under very exceptional and rare circumstances. Goldfuss, supra, 79 Ohio St.3d at 122. Plain error is defined as any error or defect that affects an individual's substantial rights, which is not brought to the attention of the trial court through an objection. Crim.R. 52(B).
In the instant appeal, the failure to file objections to the December 17, 1999 and February 8, 2000 magistrate's decisions results in a waiver of appellant's right to assign as error on appeal the trial court's adoption of those decisions. Thus, we are precluded from addressing the merits of appellant's arguments, concerning those magistrate's decisions. Because of appellant's failure to file objections, the trial court's determination was limited to a facial examination of those magistrate's decisions for any errors of law or other defects, including plain error. Similarly, in the absence of objections, we may only review the instant case as the trial court reviewed it.
Upon thorough review of the record, we conclude that there are no facial defects on the face of the magistrate's decisions of December 17, 1999 or February 8, 2000, denying appellant's Civ.R. 60(B) motion. Further, nothing in the proceedings below rises to the level of plain error. Therefore, the trial court properly adopted the magistrate's decisions without modification. Specifically, we conclude that the trial court properly denied appellant's Civ.R. 60(B) motion to set aside the December 17, 1999 judgment.
Assuming, arguendo, that appellant had filed timely objections to the magistrate's decision of February 8, 2000, we would again find no error in the trial court's adoption of the magistrate's February 8, 2000 decision, denying appellant's Civ.R. 60(B) motion to set aside the trial court's December 17, 1999 judgment.
One must do more than make bare allegations in order to convince the trial court to set aside a judgment pursuant to Civ.R. 60(B). RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. "Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." Id. at 21. Furthermore, a Civ.R. 60(B) motion cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal. In re Diez
(Apr. 13, 2001), Trumbull App. No. 2000-T-0064, unreported, (citing Keyv. Mitchell [1998], 81 Ohio St.3d 89, 90-91).
Specifically, in order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate, among other things, that he has a meritorious defense or claim to present if such relief is granted. Id. at 20, citingGTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
In the case at bar, appellant's Civ.R. 60(B) motion was accompanied by the affidavit of Attorney Levin. Attorney Levin's affidavit stated that the guardian ad litem spoke with the magistrate, making recommendations in which neither party was privy to those recommendations. However, this contention is not demonstrated by the record or supported by any additional evidence. A review of the transcript from the October 13, 1999 hearing only reveals that the magistrate informed the parties that the guardian ad litem would submit a written report with his recommendations.
Further, Attorney Levin's affidavit stated that it was agreed that the hearing would be reconvened upon request and that the new evidence would be considered before the magistrate made his final decision. Although the record demonstrates that appellant made a request to reserve the right to call Attorney Hogle once he filed his report, contrary to Attorney Levin's affidavit, the magistrate did not indicate that he would prepare a decision and, after review of that decision, appellant could call the guardian ad litem as a witness and then a final decision would be rendered. Rather, during closing arguments, the magistrate indicated:
 "I will prepare a written decision based on the evidence, the report of Dr. Alexander and when its [sic] received, on the guardian's report. And when the guardian's report is filed, if you want to request a hearing on his report one (1) of you needs to file notice with the court asking for an oral hearing. * * * And, if you feel the need to have him brought in and questioned, then I need you to file a formal written request for an oral hearing on that issue, otherwise I'll prepare an entry based on the information." (Emphasis added.)
 Clearly, the magistrate informed the parties that they may submit a written request, asking for an oral hearing, not that the parties had an unbridled right to an oral hearing. As stated above, appellant was required to do more than make bare allegations in order to convince the trial court to set aside the December 17, 1999 judgment.
Accordingly, appellant's assignments of error are without merit. For the foregoing reasons, the February 8, 2000 judgment entry of the trial court is hereby affirmed.
 _______________________________________ JUDGE DIANE V. GRENDELL
O'NEILL, P.J., concurs in judgment only, NADER, J., concurs.
[1] Dr. Alexander's evaluation stated that it was permissible to eventually allow overnight visits with appellant. Also, during the October 13, 1999 hearing, Dr. Alexander testified that the implementation of a shared parenting plan was in Chloe's best interest.
[2] Attorney Hogle recommended that appellee remain the residential parent; however, appellant's visitation may be extended to allow for additional hours and overnight visits, but a shared parenting plan should not be granted because of the parties' inability to communicate amicably and effectively.
[3] Appellant's motion to vacate the December 17, 1999 judgment came before the magistrate on January 18, 2000; however, for reasons not stated in the record, a hearing was not set and notices were not sent to the parties to appear.