THE STATE, EX REL. DURKIN ET AL., APPELLEES, *v.* UNGARO ET AL., APPELLANTS.

[Cite as State, ex rel. Durkin, *v.* Ungaro (1988), 39 Ohio St. 3d 191.]

(No. 88-707—Submitted August 19, 1988—Decided October 26, 1988.)

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Dennis Haines* and *Barry Laine,* for appellee.

*Edwin Romero,* director of law, and *Cheryl L. Waite,* for appellants.

*Per Curiam.* Appellee, Esther Harris, has filed a motion before this court to dismiss the city's appeal. The appeal brought by the city is from the appellate court's denial of the city's motion to vacate the court's prior judgment entry of January 16, 1986, which granted the writ of mandamus. Appellee also requests that the city's appeal be dismissed on jurisdictional grounds since the appeal was filed before this court beyond the thirty-day limitation period set forth in Section 1(B), Rule I of the Supreme Court Rules of Practice. Additionally, appellee requests this court to award her attorney fees based on the assertion that the city has acted in bad faith in dealing with its employees throughout the course of this entire controversy.

In our view, appellee's motion to dismiss should be granted because the city's appeal is nothing more than an attempt to gain review of the judgment rendered on January 16, 1986, by the court of appeals through the procedural device of a Civ. R. 60(B) motion to vacate the judgment. Clearly, the city failed to appeal the original granting of the writ of mandamus to this court. The city cannot now use a motion to vacate as a substitute for a timely appeal, or as a device to extend the time for perfecting an appeal. See *Steadley* v. *Montanya* (1981), 67 Ohio St. 2d 297, 21 O.O. 3d 187, 423 N.E. 2d 851.

In *State, ex rel. Dooley,* v. *Porter* (1987), 30 Ohio St. 3d 47, 30 OBR 87, 506 N.E. 2d 211, we were faced with a similar situation where an appeal was brought before this court from the denial of a motion by the court of appeals of what was essentially a motion for reconsideration. In *Dooley,* we noted that the thirty-day time period in which to appeal the underlying judgment under Rules I(1)(A) and (B) of the Supreme Court Rules of Practice had expired. The essence of our holding therein was that such procedural devices cannot be used in order to review a prior judgment that was not initially appealed in a timely fashion. In the cause *sub judice,* the city is essen-

tially attempting to gain review of the January 16, 1986 judgment by appealing the denial of the motion to vacate which was rendered by the appellate court in February 1988. Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or. a motion to vacate judgment. For these reasons, we find appellee's motion to dismiss to be well-taken and, therefore, the appeal by the city is hereby dismissed.[1]

Having determined that the instant appeal by the city should be dismissed, we now inquire whether attorney fees should be awarded to moving appellee based on the alleged bad faith course of conduct undertaken by the city during this entire litigation.

"The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith. See *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177; *State, ex rel. Grosser,* v. *Boy* (1976), 46 Ohio St. 2d 184." *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363, 369, 21 O.O. 3d 228, 232, 423 N.E. 2d 1099, 1103. See, also, *State, ex rel. Kabatek,* v. *Stackhouse* (1983), 6 Ohio St. 3d 55, 6 OBR 73, 451 N.E. 2d 248.

In our view, appellee has shown that the continuing course of bad faith conduct undertaken by the city during this litigation compels an award of attorney fees in her favor. Specific instances of bad faith conduct on the part of the city are numerous, as appellee points out in her motion before this court.

In July 1985, the city employees' jobs were abolished. Several months later, the civil service commission found these abolishments to be wrongful and ordered the city to reinstate the employees. Upon the city's refusal to comply with the commission's order, the relators requested and received a writ of mandamus from the court of appeals to compel the city to reinstate them to their positions with back pay. Nevertheless, the city still refused to

---

[1] As appellee correctly points out, a second reason for dismissing the city's appeal is that the city failed to comply with the time constraints for filing a notice of appeal as set forth in Section 1(B), Rule I of the Supreme Court Rules of Practice.

The city's notice of appeal was filed in the court of appeals on March 17, 1988, but a notice of appeal was not filed in this court until April 20, 1988. Under this court's Rules of Practice, a party appealing from the court of appeals must file the notice of appeal in the court of appeals within thirty days from the date of the judgment from which an appeal is being taken. A copy of that notice of appeal must then be filed in this court as provided in Section 1(B), Rule I of the Rules of Practice:

"A copy of that notice of appeal must be filed or offered for filing in the Supreme Court not later than thirty days after the filing of such notice in the Court of Appeals. * * *"

The sanction for failure to comply with the above rule is set forth in Section 1, Rule II of the Supreme Court Rules of Practice:

"If a copy of the notice of appeal is not filed or offered for filing in the Supreme Court in compliance with Sections 1, 2, 3, 5, 6 and 7 of Rule I, the Supreme Court may refuse to accept such copy for filing or may dismiss the appeal, either on its own motion or on motion of a party, for lack of prosecution."

Thus, the city's appeal is subject to dismissal since it failed to comply with this court's Rules of Practice.

comply with the order until it was threatened with contempt charges, whereupon the city eventually re-instated the relators. However, the city still has not complied with the order to provide the relators with back pay.

During recent proceedings to enforce the back pay portion of the writ of mandamus, the city urged the appellate court to reconsider and vacate the ordered writ. When the court of appeals declined the city's invitation to vacate the court's prior order, the city appealed to this court.

In sum, it readily appears that the actions undertaken by the city have gone beyond legitimate points of contention and have degenerated into a series of delay tactics. Thus, we agree with appellee, and find the requested sum of $750 in attorney fees to be reasonable in light of the bad faith course of conduct displayed by the city.

The motion to dismiss the city's appeal is hereby granted, and the city is ordered to pay moving appellee her reasonable attorney fees as requested.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., dissents.