KEY, APPELLANT, *v.* MITCHELL, WARDEN, APPELLEE.

[Cite as *Key v. Mitchell* (1998), 81 Ohio St.3d 89.]

■■■■■■■■■

(No. 97–1836—Submitted January 21, 1998—Decided February 18, 1998.)

■■■■■■■■■

■■■■■■■■■

*Phillip R. Key, pro se.*

*Betty D. Montgomery,* Attorney General, and *D.J. Hildebrandt,* Assistant Attorney General, for appellee.

---

**Per Curiam.** In order to perfect an appeal from a court of appeals to the Supreme Court other than in a certified conflict case, the appellant must file a notice of appeal in this court within forty-five days from the entry of judgment being appealed. S.Ct.Prac.R. II(2)(A)(1). For the reasons that follow, we dismiss Key's appeal because it was not properly perfected pursuant to S.Ct. Prac.R. II(2)(A)(1).

First, Key did not file a timely appeal from the December 1996 court of appeals judgment dismissing his habeas corpus petition. In this appeal, Key challenges the December 1996 judgment dismissing his petition rather than the July 1997 court of appeals entry denying his Civ.R. 60(B) motion for relief from judgment. Key did not file a notice of appeal in this court within forty-five days from the December 1996 judgment. Second, Key's Civ.R. 60(B) motion for relief from judgment did not extend the time for Key to appeal the December 1996 judgment. A Civ.R. 60(B) motion for relief from judgment cannot be used as a

substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment. *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 192, 529 N.E.2d 1268, 1269; *State ex rel. McCoy v. Coyle* (1997), 80 Ohio St.3d 1430, 685 N.E.2d 542. All of Key's claims could have been raised in a timely appeal from the December 1996 judgment of the court of appeals dismissing his petition.

As we held in *Durkin*, 39 Ohio St.3d at 192–193, 529 N.E.2d at 1269:

"[T]he city is essentially attempting to gain review of the January 16, 1986 judgment by appealing the denial of the [Civ.R. 60(B) ] motion to vacate [that] was rendered by the appellate court in February 1988. Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a [Civ.R. 60(B) ] motion to vacate judgment. For these reasons, we find appellee's motion to dismiss to be well-taken and, therefore, the appeal by the city is hereby dismissed."

Accordingly, we dismiss Key's appeal because it was not properly perfected.

*Appeal dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.