OPINION AND JOURNAL ENTRY
The underlying action from which the instant appeal arises was initiated by the filing of a complaint by Samuel L. Buoscio, ("appellant" herein), on January 21, 1994. At that time, appellant alleged that Ruby M. Macejko, ("appellee" herein), had breached the terms of a promissory note which had been entered into between the two parties. Due to the alleged breach by appellee, appellant sought payment of the $10,000 principal plus interest at the rate of ten percent from the date of default.
During the course of the proceedings at the trial court level, appellee made a motion for discovery which was dated July 7, 1994 pursuant to Civ.R. 34. In appellee's motion a request was made that the trial court compel the production of the original promissory note as it was argued that the copy attached to appellant's complaint had been a forgery. In the event appellant did not produce the original document for inspection, appellee requested that the trial court dismiss the complaint as provided in Civ.R. 37. Based upon the outstanding discovery requests, the trial court set a discovery cut-off date of November 1, 1994.
Despite the passing of over four months, appellant failed to produce the original promissory note and similarly failed to provide any explanation for such. Therefore, the trial court dismissed appellant's complaint via its November 23, 1994 judgment entry which stated in relevant part:
 "The defendant's demand for production is a critical matter in view of her claim that her purported signature is a forgery. The plaintiff's refusal to produce the original note deprives the defendant of her right to establish her defense. He has failed to explain his refusal.
The plaintiff's complaint is hereby dismissed."
Despite the trial court's decision, appellant did not file a timely appeal. Instead, appellant proceeded to file a myriad of motions and requests with the trial court which were related to the original complaint. For instance, appellant filed a subpoena requesting that appellee produce the original promissory note. Appellant similarly filed motions for discovery. Ultimately a motion for relief from judgment pursuant to Civ.R. 60 (B) was filed by appellant on February 8, 1995. A number of grounds were proposed by appellant in support of relief amongst which was the allegation that the trial court's November 23, 1994 judgment entry was not properly served upon him.
In its February 14, 1995 judgment entry, the trial court overruled the motion for relief from judgment in that it did not demonstrate any ground for relief delineated in Civ.R. 60 (B). In the trial court's opinion, the motion was nothing more than a repetition of the same allegations made by appellant while the case was pending. The record reflects that a copy of the trial court's February 14, 1995 decision was sent to appellant.
Appellant again failed to file any appeal from the trial court's decision. However, three months later on June 15, 1995 appellant filed a motion for default judgment pursuant to Civ.R. 55. The trial court responded to appellant's motion on June 16, 1995 with a judgment entry which stated:
 "The plaintiff's motion for default judgment is denied. This case is closed, and is no longer a pending action."
It is from this entry which appellant attempted to file a notice of appeal on July 17, 1995. In his brief in support of the appeal, appellant argues that the trial court erred in dismissing his complaint.
Pursuant to App.R. 4 (A), a notice of appeal shall be filed within thirty days of the receipt of the order or judgment entry which gave rise to the appeal. In the case at bar, appellant failed to comply with the Appellate Rules and, as such, his appeal must be dismissed.
The trial court's original judgment entry dismissing appellant's complaint was filed on November 23, 1994. In that appellant's assignment of error on appeal deals with the appropriateness of this dismissal, an appeal will only be deemed timely if it was filed within thirty days of the receipt of the dismissal entry. However, appellant's notice of appeal was not filed until nearly eight months after the court's decision. While this court is cognizant of appellant's allegation in his motion to vacate that he was not properly served with the trial court's dismissal entry, an additional filing in the record contains an admission by appellant that he did in fact receive the entry on or about the date it was issued. Based upon this admission and assuming the regularity of service, in order to be considered timely an appeal should have been filed within thirty days of the receipt of the dismissal entry. Having failed to do so, the present appeal pending before this court must be dismissed.
Appellant attempts to establish the timeliness of his notice of appeal by asserting that he filed a timely motion to vacate. However it is well-settled that a Civ.R. 60 (B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from an original judgment. Key v. Mitchell (1998), 81 Ohio St.3d 89,90-91 citing State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191,192. This proposition gains further support in light of the trial court's observation that the motion for relief from judgment was merely a repetition of allegations which appellant had made while the case was still pending.
Even if this court were to permit an appeal from the trial court's decision overruling the Civ.R. 60 (B) motion, we would still be compelled to find that the appeal was untimely. The record reflects that the trial court's entry overruling the Civ.R. 60 (B) motion was sent to appellant via regular U.S. mail shortly after the decision was issued. This court must assume service was perfected as the record fails to disclose otherwise. Since appellant's notice of appeal was not filed until five months after the trial court overruled the motion to vacate, appellant's appeal would still be considered untimely from this second judgment entry.
Having failed to present this court with a timely appeal from the relevant entry of the trial court, appellant's appeal is dismissed.
Costs taxed against appellant.
 ________________________ JUDGE JOSEPH J. VUKOVICH
 ________________________ JUDGE EDWARD A. COX
 ________________________ JUDGE JOSEPH E. O'NEILL