OPINION
The present appeal arises following the decision of the Mahoning County Common Pleas Court, Juvenile Division, which denied Elizabeth Stuba's motion to set aside the court's prior order granting permanent custody of two of her children to the Mahoning County Children Services Board. For the reasons set forth below, this appeal is dismissed as appellant did not file a timely appeal from the proper order of the trial court.
 I. FACTS
Elizabeth Stuba (appellant) has been involved with the Mahoning County Children Services Board (CSB) since 1990. In March of 1990, CSB filed its first complaint in regards to appellant in which it was alleged that her children were dependent as a result of domestic violence in the home as well as drug and alcohol dependency on the part of appellant and her husband. Following a series of proceedings, it was ultimately decided that appellant's children would be permitted to continue to reside at home. However, CSB would file a second complaint on September 21, 1992 again alleging that all five of appellant's children were dependent. Apparently appellant had left the children unattended for a prolonged period of time and continued with her drug and alcohol problems. Over the next two years, custody of the children would be transferred on numerous occasions to various individuals.
On March 23, 1995, CSB requested a modification from temporary commitment to permanent commitment as related to appellant's two youngest children, Joseph and James Stuba. The basis for this request was that appellant had failed to comply with the established case plan and as such, the children should not be returned to appellant. On June 14, 1996, a magistrate temporarily denied CSB's motion for permanent custody in order to give appellant additional time to demonstrate that she could adequately care for her children. Despite the granting of additional time, appellant continuously failed to comply with her case plan. This inability to properly care for the children prompted CSB to file a second motion for permanent custody of Joseph and James on October 9, 1997.
Appellant failed to attend the February 10, 1998 hearing regarding permanent custody, her appointed counsel did attend and a hearing was conducted. The record does not reflect that appellant ever advised the trial court as to why she failed to attend the hearing despite the fact that she had received proper notice. On June 26, 1998, a magistrate for the juvenile court issued his decision recommending that permanent custody of Joseph and James Stuba be granted to CSB. The magistrate noted that appellant had done nothing since the prior permanent custody hearing to improve her situation or the situation of her children. In fact, the magistrate found that appellant's condition had worsened in that she failed to visit her children, failed to comply with her case plan and had not maintained contact with her attorney or CSB. Moreover, appellant had failed to comply with drug screening and had multiple encounters with various law enforcement departments. In light of these findings, the magistrate concluded that the children should not be returned to appellant and their best interests would be served by granting permanent custody to CSB with the power of adoption. Due to the fact that appellant did not file any objections to the magistrate's decision, the trial court adopted said decision on July 15, 1998. In addition to failing to file objections to the decision, appellant did not attempt to file an appeal from the trial court's decision.
Approximately ten months after the trial court adopted the magistrate's decision, appellant filed a motion to set aside the court's prior order granting permanent custody to CSB. In her one paragraph argument in support of this motion, appellant indicated that she was hospitalized on the date of the original hearing and, as such, was not able to attend. Thus, on that basis, appellant urged the trial court to vacate its prior decision and provide her the opportunity to present an argument contrary to the granting of permanent custody to CSB. On June 16, 1999, after holding a hearing, the trial court overruled appellant's motion. It is from this decision that appellant filed a notice of appeal on July 14, 1999 in which she alleges a single assignment of error.
 II. ASSIGNMENT OF ERROR
Appellant's sole assignment of error reads as follows:
 "THE JUVENILE COURT BELOW ERRED IN DENYING APPELLANT-MOTHER'S MOTION TO SET ASIDE ORDER GRANTING PERMANENT CUSTODY OF HER CHILDREN TO MAHONING COUNTY CHILDREN SERVICES BOARD."
Appellant asserts that she had a right to be present at the February 10, 1998 hearing. Since she was not able to be present at the hearing, appellant is of the position that she was denied the opportunity to defend against CSB's motion requesting permanent custody of Joseph and James. This absence from the hearing is argued to provide grounds for the vacating of the trial court's prior order granting permanent custody to CSB. Consequently, appellant contends that the trial court erred when it overruled her motion to set aside the prior order.
This court need not address the merits of the argument proposed by appellant for the simple fact that it was not timely raised. As this court has previously stated, "it is well-settled that a Civ.R. 60 (B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from an original judgment." Buosciov. Macejko (Sept. 14, 1999), Mahoning App. No. 95 CA 158, unreported at 2 citing Key v. Mitchell (1998), 81 Ohio St.3d 89,90-91; State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191,192. Other courts have similarly recognized that an appellant may not challenge the legal correctness of a trial court's original decision by means of a Civ.R. 60 (B) motion to vacate. Ward v.Hengle (May 19, 1999), Summit App. Nos. 19199 and 19430, unreported citing State ax rel. Elyria v. Trubey (1983), 24 Ohio App.3d 44,48 and Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399;Marino v. Marino (Dec. 3, 1998), Cuyahoga App. No. 73698, unreported citing Justice v. Lutheran Social Services of Cent.Ohio (1992), 79 Ohio App.3d 439, 442. In the event an individual's motion to vacate is premised upon issues which should have been raised on direct appeal, a trial court does not abuse its discretion in refusing to vacate its original order. Id. If this court were to hold differently, "judgment would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment." Key, supra quoting Durkin, supra.
A review of the facts and circumstances of appellant's motion to set aside the trial court's original order, reveals its true nature. That is, it was merely an attempt to raise issues which should have been raised by objection to the magistrate's June 26, 1998 decision and by direct appeal. Appellant's sole basis for her motion was that she was not present at the February 10, 1998 hearing which addressed CSB's motion for permanent custody. Had appellant truly been interested in presenting an argument against the granting of permanent custody, she could have made objections to the magistrate's decision. In the event she was unsuccessful in having a second hearing set, she could have filed a direct appeal to this court.
Rather than taking the appropriate measures, appellant chose to wait nearly one year before asserting her position. The record indicates that appellant was only hospitalized for treatment for her addiction from February 9, 1998 to February 11, 1998 and from February 22, 1998 to February 25, 1998. At no time prior to these periods of hospitalization did appellant advise the trial court that she would not be able to attend the February 10, 1998 hearing. Similarly, the record fails to reflect any justification by appellant subsequent to the hearing as to her absence. During the four months that passed between the hearing and the magistrate's decision, appellant made no attempt indicated in the record to raise the issue of her absence at the hearing. Even after the magistrate issued his decision, appellant did not make a challenge to the decision. It was not until nearly a year later that appellant brought the issue of her absence to the trial court's attention. Appellant was provided ample opportunity to mount this challenge prior to this point in time. The raising of such an issue which should have been raised by objection and by direct appeal is nothing more than a feeble attempt to circumvent App.R. 4 (A). Buoscio, Key and Durkin, supra. Any error alleged by appellant could have been appropriately dealt with on appeal from the trial court's original order as it was said order which gave rise to the issue which has been challenged.
Finality is particularly important when dealing with the well-being of children in situations such as those presented in the case at bar. As the length of time a child is left in limbo increases, the opportunity for adoption and for the creation of a stable living environment is gradually whittled away. Appellant has already succeeded in dragging out this seemingly inevitable result for approximately eight years to the detriment of her children. We are not willing to further prolong this matter in light of appellant's failure to properly raise her objection to the trial court and ultimately to this court. Appellant's repeated failure to raise the alleged error in a timely manner has resulted in the loss of the opportunity to raise said error on appeal.
For the foregoing reasons, the present appeal is dismissed as appellant did not file a timely appeal from the proper order of the trial court.
Cox, P. J., and Donofrio, J., concurs.
APPROVED:
 _____________________________ JOSEPH J. VUKOVICH, JUDGE