DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Huron County Court of Common Pleas denying the _pro se motion filed by appellant, William E. McMellen, to "modify and or [rescind] identification for sex offense." On April 16, 1998, the trial court found appellant to be a sexual predator. Appellant never appealed his sentence or the sexual predator classification. On May 7, 2001, pursuant to Civ.R. 60(B), appellant filed his motion requesting the trial court to modify its decision regarding his classification. Appellant argued that the trial court failed to hold a hearing, pursuant to R.C. 2950.09, and failed to allow him to present expert testimony in his defense, and that the evidence did not support the trial court's finding that appellant was a sexual predator.
Appellant failed to state under which section of Civ.R. 60(B) he sought relief. Nevertheless, appellant was required to file his motion within a reasonable time, or within one year after the judgment if he claimed (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud. Having filed his motion more than three years after the trial court's judgment, we find appellant failed to file a timely Civ.R. 60(B) motion. Moreover, we note that it is well-settled that "[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal * * *." Key v.Mitchell (1998), 81 Ohio St.3d 89, 90-91. All of appellant's claims could have been raised in an appeal from the judgment finding him to be a sexual predator.
Additionally, insofar as appellant's motion could be construed as a motion for postconviction relief, we find that appellant failed to file his petition within one hundred eighty days after the expiration of the time for filing his appeal, as set forth in R.C. 2953.21(A)(2). Accordingly, regardless of its characterization, appellant's motion to the trial court was not timely filed.
Based on the foregoing, we find that the trial court correctly denied appellant's motion. Appellant's assignments of error are therefore found not well-taken. The decision of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J. JUDGES CONCUR.