OPINION
This is an appeal from a Summary Judgment ruling of the Delaware County, Court of Common Pleas and also from a denial of a Motion for Relief from Judgment and the granting of prejudgment interest.
 STATEMENT OF THE FACTS AND CASE
The facts in this case are not necessarily of importance as certain procedural questions are raised. However, suffice it to say that the case arose out of an application to obtain permission to widen an access entry to certain property, the claim of proceeding to widen without the granting of the application and damages.
On January 19, 2001, the trial court issued a Scheduling Conference Entry which, in part, contained the following paragraph:
Pre-trial Motions:
 (A) Dispositive pretrial motions shall be filed on or before: 5/7/01. Memoranda contra shall be filed within ten days after the filing of the motion. Replies are due within one week of the filing of the memoranda contra. The motions will be considered ripe for decision one week after the memoranda contra is filed. An oral hearing will be held only if deemed necessary. No motions will be entertained the morning of trial prior to the selection of the jury.
Delaware Court of Common Pleas Local Rule 7.05 provides:
 Except as otherwise ordered by the trial judge, all motions shall be considered upon non-oral hearing on a date to be set forth in an order by the magistrate or judge and shall include the dates for filing and service of any memorandum contra and reply memorandum.
Delaware Court of Common Pleas Local Rule 7.07 further provides:
 Once the initial motion has been filed, any memorandum contra to the motion shall be filed and served upon opposing counsel within the time set forth in the order issued pursuant to Loc.R. 7.05 or as otherwise provided by the Ohio Rules of Procedure. Failure to file and serve a memorandum contra may result in the Court granting the motion as filed and served.
Appellee was granted leave to file for summary judgment on July 2, 2001 with the motion filed the same day and also on July 3, 2001.
On July 20, 2001, the J.A.S. Group, Ltd. filed its response to appellee's motion.
Appellant filed its memorandum contra to appellee's summary judgment motion on July 30, 2001.
On August 1, 2001 the trial court granted appellee's motion.
The entry, in part, is as follows:
 On July 3, 2001, plaintiff, the State of Ohio, the Ohio Department of Transportation, filed a Motion for Summary Judgment pursuant to Rule 56 of the Ohio Rules of Civil Procedure. On or about July 17, 2001, defendant, The J.A.S. Group, Ltd., filed a Reply to plaintiff's motion for Summary Judgment. However, the remaining defendants failed to respond to plaintiff's Motion or request an extension within the allowable period of time as set forth in the Civil Rules.
* * *
 ASSIGNMENTS OF ERROR
The following Assignments of Error are stated:
 I. THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT.
 III. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST.
 I, II
We shall address the First and the Second Assignments of Error simultaneously.
Appellant claims the trial court erred in not setting a specific hearing date on the motion for summary judgment and not considering its response which violated Civ.R. 56 which states:
(C) Motion and proceedings
 The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
We cannot address appellant's rationale as to violation of Civ.R. 56 as to the First and Second Assignments of Error for the reasons set forth hereafter.
The decision of the trial court in granting Summary Judgment was docketed August 1, 2001.
A motion for relief from judgment was filed with the entry denying such motion issued on September 26, 2001.
Appellant has argued that the trial court did not resolve all of the issues of the parties until the September 26, 2001 entry.
In such entry the trial court allowed the deposit pursuant to motion but there was no pleading filed by J.A.S. Group Ltd. which would entitle it to a monetary judgment. Therefore, the argument that the trial court did not resolve all issues until the September 26, 2001 entry is lacking in merit because it did not have before it a basis for issuing a judgment.
The Notice of Appeal was filed on October 8, 2001.
It is clear that a motion for relief of judgment does not extend the time to appeal.
As the Ohio Supreme Court has stated in Key v. Mitchell (1998),81 Ohio St.3d 89:
 . . . "[m]otion for relief from judgment cannot be used as substitute for timely appeal or as means to extend time for perfecting appeal from original judgment." Rules Civ. Proc., Rule 60(B).
The Court has also declared:
 Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment. State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 193.
As no appeal was timely filed from the August 1, 2001 entry and the motion for relief from judgment neither extends the time for appeal nor acts as a substitute for appeal, the summary judgment ruling of August 1, 2001 had become final and the motion for relief from judgment was not well-taken. The First and Second Assignments of Error are dismissed.
 III
The Third Assignment of Error addresses the granting of pre-judgment interest.
The trial court held a hearing on September 21, 2001.
No witnesses were heard nor was there any request by appellant to present witnesses nor was there an objection to the procedure.
The position taken at that hearing by appellant was that the complaint was one of contract with the amount in dispute and therefore pre-judgment interest was not authorized by R.C. § 1343.03.
Revised Code § 1343.03(A) and (B) provide:
 (A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
 (B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct, including, but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid.
Appellee disclaims the contractual basis and asserts trespass.
We must disagree with appellant's assertion that this is a contractual matter under R.C. § 1343.03(A) with the amount due in dispute preventing the granting of prejudgment interest.
Clearly the trial court could conclude that a contract did not exist.
The uncontroverted representations to the trial court were that a widening permit was requested, an appraisal by the State was received, but construction to widen had begun on the land owned by the State without agreement as to payment of the appraised value.
The trial court could also determine that a trespass occurred and that R.C. § 1343.03(C) was applicable, thereby justifying pre-judgment interest.
Such decisions are reviewed under an abuse of discretion standard.
In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
We find no abuse of discretion occurred and therefore disagree with the Third Assignment of Error.
This cause is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Common Pleas Court of Delaware County, Ohio, is affirmed. Costs to Appellant.
By: Boggins, J., Farmer, P.J., and Edwards, J. concur.