OPINION
This is an appeal from a Judgment rendered by the Mount Vernon Municipal Court.
 STATEMENT OF THE FACTS AND CASE A prior appeal of such Judgment was filed with this Court in Case No. 00 CA 21.Such appeal was dismissed for lack of jurisdiction as the appeal was not timely filed.
Subsequent to such dismissal, appellant filed a Civ.R. 60(B) motion to vacate the Judgment. Such motion was denied.
 ASSIGNMENTS OF ERROR
Appellant raises the following Assignments of Error:
 I. TRIAL COURT FAILED TO PROVIDE DEFENDANT-APPELLANT A HEARING ON MOTION TO VACATE WHEN APPELLANT'S MOTION ALLEGED A DEFENSE TO JUDGMENT UNDER CIV. R. 60(B). (ENTRY OF TRIAL COURT OF SEPTEMBER 20, 2001). SUCH FAILURE WAS ABUSE OF DISCRETION.
 II. TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO AFFORD THE DEFENDANT-APPELLANT RELIEF UNDER CIVIL RULE 60(B) (5) FOR OTHER REASONS SINCE THE JUDGMENT GIVES MONIES TO PLAINTIFF-APPELLEE TO WHICH HE IS NOT ENTITLED. (ENTRY OF SEPTEMBER 20, 2001).
The matters set forth in appellant's motion to vacate the Judgment are:
 Now comes the defendant and moves the court to vacate and set aside the judgment herein for the following reasons:
 1. Not equitable that the judgment should have application.
 2. Court did not journalize the judgment entry herein after making its finding of facts and conclusions as its announced decision pursuant to Civ.R. 58,
 3. Defendant by reason of such failure was deprived of its right of appeal and judicial review of the cause herein.
 4. Defendant has defense to the claim of plaintiff as is more fully shown by the copy of the assignment of errors attached hereto and made a part hereof marked schedule "A".
 5. James Carr breached the agreement with defendant and to allow the judgment to stand would be to allow James Carr to profit by his own wrong.
Civil Rule 60(B) provides:
 B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
Civil Rule 52 states:
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
 When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record.
Nothing in appellant's Civ.R. 60(B) motion complies with the requirements of such rule except the incorrect findings and conclusion as to Civ.R. 58. As the motion for findings of fact and conclusions of law under Civ.R. 52 may be filed up to seven days subsequent to the rendering of a Judgment there is no requirement under Civ.R. 58 that the trial court re-issue the Judgment, but that the trial court provide such findings and conclusions in response to the timely request herein made.
The lack of a right to appeal was not a result of the trial court's action but because of the lack of a timely filing.
The remainder of the matters in the Civ.R. 60(B) motion were considered at the trial of this cause.
This Court again cannot address the Assignments of Error due to lack of jurisdiction.
It is clear that a motion for relief of judgment does not extend the time to appeal.
As the Ohio Supreme Court has stated in Key v. Mitchell (1998),81 Ohio St.3d 89:
 . . ."[m]otion for relief from judgment cannot be used as substitute for timely appeal or as means to extend time for perfecting appeal from original judgment." Rules Civ. Proc., Rule 60(B).
The Court has also declared:
 Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment. State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 193.
Appellant is attempting by the Civ.R. 60(B) motion to appeal a decision which is final due to a failure to timely file the appeal as stated in the prior ruling by this Court.
This cause is dismissed.
By: BOGGINS, J., FARMER, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, this appeal is dismissed. Costs to Appellant.