OPINION
{¶ 1} Plaintiff-appellant, Alan Christian, appeals from two Mahoning County Common Pleas Court decisions, one dismissing his complaint against defendant-appellee, Paul Gains, and the other dismissing his motion for relief from judgment.
 {¶ 2} On November 24, 2003, appellant, an inmate at the Lake Erie Correctional Institute, filed a complaint against appellee. The complaint requested that the trial court remove appellee from his office as county prosecutor pursuant to R.C. 309.05 because of appellee's "Willful and Wanton acts of Gross Misconduct in office." In the complaint appellant alleged that appellee knowingly disregarded the law when appellee indicted him for felony assault stemming from a domestic violence complaint that appellant claimed was fabricated by the Sebring Police Department. He further asserted that the Sebring Police improperly arrested him without a warrant. Appellant also attached an affidavit of indigence to his complaint in an attempt to avoid paying filing fees on the complaint.
 {¶ 3} Subsequently, appellee filed a motion to dismiss stating that appellant failed to comply with the mandatory provisions of R.C. 2969.25, which govern the filing of inmate lawsuits against governmental entities and employees. Specifically, appellee claimed that appellant did not comply with the statutory requirements to waive the payment of filing fees and to detail all other civil actions he had filed. Appellee argued that such noncompliance is a ground for dismissal. The trial court agreed and dismissed appellant's complaint on February 25, 2004.
 {¶ 4} Appellant then filed a Civ.R. 60(B) motion for relief from judgment. As grounds for relief he alleged inadvertence, error, and fraud. On March 31, 2004, the trial court overruled appellant's motion for failure to state his grounds for relief with particularity.
 {¶ 5} Appellant filed a notice of appeal on April 27, 2004. In it he states that he is appealing from both the February 25 and the March 31 judgment entries.
 {¶ 6} Appellant has acted pro se throughout this case.
 {¶ 7} Appellant raises two assignments of error, the first of which states:
 {¶ 8} "The trial court errored [sic.] when it failed to advise all parties of its intent and should of [sic.] granted appellant's motion for relief from judgment for neglecting to `first' advise all parties of the trial court's intent."
 {¶ 9} Appellant asserts that the trial court erred in overruling his Civ.R. 60(B) motion. But he is not clear in his reasons in support. He states that the "record * * * speaks for itself." He then reasserts the facts he alleged in his complaint. He also states that the court held him to "attorney standards" and implies that it should not have done so. Appellant then requests that this court take notice of other constitutional errors that he did not set out because he is acting pro se and "lacks the ability to articulate the merits of the case." Finally, appellant claims that the trial court erred when it failed to notify the parties of its intent. However, he does not elaborate.
 {¶ 10} An appellate court will not reverse a trial court's ruling on a Civ.R. 60(B) motion absent a showing of abuse of discretion. State exrel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153, 684 N.E.2d 1237. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 11} The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in GTE Automatic Elec., Inc. v. Arc Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113. The court stated:
 {¶ 12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 13} The trial court did not abuse its discretion in denying appellant's motion for relief from judgment. Appellant's motion fails to set forth operative facts that would warrant relief from judgment. He states in his motion that he is entitled to relief under Civ.R. 60(B)(3), which is based on fraud, misrepresentation, or other misconduct of an adverse party. He then also states that he is entitled to relief due to inadvertence and error, which falls under Civ.R. 60(B)(1). However, appellant fails to support these allegations in any way. He states that the trial court erred in dismissing his complaint without first notifying him of its intent and giving him the opportunity to amend his complaint. He then digresses to subject matter jurisdiction. Finally, appellant asserts that the Civil Rules of Procedure do not apply to R.C. 309.05 removal proceedings.
 {¶ 14} A trial court can summarily deny a motion for relief from judgment where the motion does not set forth sufficient operative facts which would warrant relief. Fifth Third Bank v. Perry, 7th Dist. No. 03-MA-100, 2004-Ohio-1543; State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151, 666 N.E.2d 1134. Here, appellant did not set forth any facts to support his allegation that the alleged fraud, misrepresentation, or misconduct of appellee would entitle him to relief from judgment or any facts of inadvertence on his part that would entitle him to relief. He simply argues that the trial court erred in dismissing his complaint without notice that it was going to do so. Such an argument should be raised on direct appeal, not in a motion for relief from judgment. See State ex rel. Richard v. Cuyahoga Cty. Commrs. (2000),89 Ohio St.3d 205, 729 N.E.2d 755.
 {¶ 15} Thus, we cannot conclude that the trial court abused its discretion in denying appellant's motion for relief from judgment.
 {¶ 16} As for appellant's complaint that the trial court held him to "attorney standards," we will not construe this as error on the part of the trial court. Pro se civil litigants are presumed to have knowledge of the law and legal procedures and we are to hold them to the same standards as litigants who retain counsel. Wesbanco Bank Barnesville v.Balcar (Dec. 21, 2001), 7th Dist. No. 00-BA-36; Sabouri v. Ohio Dept. ofJob Family Serv. (2001), 145 Ohio App.3d 651, 654, 763 N.E.2d 1238. Furthermore, this court will not examine the record for other errors that appellant did not set out, as he requests us to do, simply because he chose to proceed pro se. As we have previously noted, "this court will not become appellate counsel for pro se litigants. Such action would be inherently unjust to the adverse party." Jancuk v. Jancuk (Nov. 24, 1997), 7th Dist. No. 94-CA-221.
 {¶ 17} Thus, the trial court did not abuse its discretion in any of the ways that appellant alleges. Hence, appellant's first assignment of error is without merit.
 {¶ 18} Appellant's second assignment of error states:
 {¶ 19} "The trial court errored [sic.] when it sua sponte dismissed appellant's, pro se, R.C. 309.05 complaint without an evidentiary hearing and should of [sic.] removed appellee from office when there was reasonable evidence to so [sic.] or should of [sic.] converted appellee's motion to dismiss into one for summary judgment."
 {¶ 20} Appellant argues that the trial court erred in dismissing his complaint. He does not support this alleged error with a relevant argument. He only lists what he terms, "other issues presented for review." These issues include whether the court abused its discretion in permitting an assistant prosecuting attorney to represent appellee, whether appellee circumvented Civ.R. 12(B)(6), and whether depriving him of his liberty was a constitutional violation.
 {¶ 21} However, as appellee argues, we must dismiss this assignment of error because appellant did not file a timely notice of appeal from the judgment entry dismissing his complaint.
 {¶ 22} A party cannot use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal or as a means to extend the time for filing an appeal from the original judgment. Key v. Mitchell
(1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548. In discussing the reason for not allowing such appeals, the Ohio Supreme Court has stated:
 {¶ 23} "Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment." State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 193,529 N.E.2d 1268.
 {¶ 24} In this case, the trial court entered its judgment dismissing appellant's complaint on February 25, 2004. Appellant then filed his Civ.R. 60(B) motion. He did not file a notice of appeal until April 27, 2004, after the trial court overruled his motion for relief from judgment. While appellant's notice of appeal perfected an appeal from the court's March 31 judgment overruling his Civ.R. 60(B) motion, it was untimely as to the February 25 judgment entry.
 {¶ 25} Accordingly, appellant's second assignment of error is dismissed because he did not timely appeal from the trial court's judgment dismissing his complaint.
 {¶ 26} For the reasons stated above, the trial court's decisions are affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.