[Cite as *Pike v. Piatt*, 2016-Ohio-5041.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JEFFREY D. PIKE and<br>MINDI A. PIKE TRUST, et al. | ) | CASE NO. 16 MO 0007 |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| MAXINE PIATT, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
Pleas of Monroe County, Ohio
Case No. CV 2014-153

JUDGMENT:                                          Dismissed.

APPEARANCES:
For Plaintiffs-Appellees:               Atty. Ethan Vessels
Atty. Olivia Walker
Fields, Dehmlow & Vessels
309 Second Street
Marietta, Ohio  45750

For HG Energy, LLC:                     Atty. Michael Buell
Buell & Sipe Co, LPA
322 Third Street
Marietta, Ohio  45750

For Defendants-Appellants:          Atty. Matthew W. Warnock
Atty. Daniel C. Gibson
Atty. Daniel E. Gerken
Bricker & Eckler, LLP
100 South Third Street
Columbus, Ohio  43215

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  July 11, 2016

PER CURIAM.

{¶1} Defendants-Appellants Maxine Piatt, et al. appeal a determination of the Monroe County Common Pleas Court denying their motion to vacate that court's decision holding their mineral interests in the subject property had vested in the Plaintiffs-Appellees Jeffrey D. Pike and Mindi A. Pike Trust, Jeffrey Pike and Mindi Pike, Trustees, et al. as surface owners after applying the 1989 Ohio Dormant Mineral Act. Appellees have filed a motion to dismiss and Appellants have filed a memorandum in opposition. Because the Civ.R. 60(B) motion to vacate filed by Appellants below served only as an attempt to substitute for a timely appeal, this appeal is dismissed.

{¶2} This case began as a quiet title action involving the Ohio Dormant Mineral Act ("ODMA"). Appellees own a 40-acre parcel of property in Monroe County, Ohio. The mineral interests had been severed from the property in 1961 and were sold to Appellants' predecessors-in-interest. Appellees filed a quiet title action arguing that no savings events had occurred in 20 years and that they, as the surface owners, should now be the owners of the mineral rights to the property.

{¶3} Appellants argued that two savings events had occurred, that the 2006 ODMA applied rather than the 1989 ODMA, and that the 1989 ODMA is not self-executing. The trial court granted summary judgment to Appellees on April 9, 2015, and held that the 1989 ODMA applied, no savings events had occurred, and the mineral interests vested in Appellees as the surface owners.

{¶4} Appellants did not appeal that decision. Rather, nearly a year later on March 18, 2016, Appellants filed a Civ.R. 60(B) motion to vacate, explicitly conceding

that the motion was filed as result of "clerical missteps" which they argued constituted excusable neglect resulting in the failure to file an appeal. The trial court denied Appellants' motion to vacate and this appeal followed. Appellees have filed a motion to dismiss and Appellants have filed a memorandum in opposition.

**{¶5}** Appellees argue that Appellants filed their Civ.R. 60(B) motion to vacate below as a substitute for a timely appeal of the trial court's April 9, 2015 judgment entry. In response, Appellants argue that they are currently appealing only the trial court's March 18, 2016 decision denying their motion to vacate.

**{¶6}** In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate three prongs of the *GTE* test, which are: (1) a meritorious claim or defense; (2) entitlement to relief under one of the five grounds listed in the rule; and (3) the timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). This Court will not disturb a trial court's decision concerning motions filed pursuant to Civ.R. 60(B) absent an abuse of discretion. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion connotes an attitude by the court that is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶7}** The grounds for relief under Civ.R. 60(B) are:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud

(whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶8}** Appellants' March 18, 2016 motion for relief from judgment cited to Civ.R. 60(B)(1). Counsel for Appellants claimed excusable neglect and inadvertent mistake led to their failure to appeal the trial court's decision. Despite acknowledging that they had received the trial court's decision stamped "FINAL APPEABLE ORDER," counsel for Appellants set forth a detailed explanation that their law firm, through "clerical missteps," did not subsequently appeal that decision.

**{¶9}** This Court has expressly held that "[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." (Emphasis deleted.) *Hamilton v. Spirtos*, 7th Dist. No. 01-C.A.-58, 2002-Ohio-1562, ¶ 30, citing *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548 (1998). Any claims or arguments that were not raised in a timely appeal, but which could have been raised, are precluded from being raised in a subsequent Civ.R. 60(B) motion. *Id.* at 91, 689 N.E.2d 548. As the Ohio Supreme Court held in *State ex rel. Durkin v. Ungaro*, 39 Ohio St.3d 191, 529 N.E.2d 1268 (1988):

Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment.

*Id.* at 193, 529 N.E.2d 1268.

**{¶10}** "When a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal. " *Hamilton*, *supra*, at ¶ 35, citing *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 729 N.E.2d 755 (2000); *Key v. Mitchell*, 81 Ohio St.3d 89, 91, 689 N.E.2d 548 (1998); and *State ex rel. Durkin v. Ungaro*, 39 Ohio St.3d 191, 529 N.E.2d 1268 (1988). In this instance, counsel for Appellants acknowledged that the Civ.R. 60(B) motion was filed as a result of their failure to timely file a notice of appeal. Accordingly, we hereby dismiss this appeal. Costs to be taxed against Appellants.

Waite, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.