[Cite as *Pike v. Piatt*, 2017-Ohio-642.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JEFFREY D. PIKE AND MINDI A. PIKE TRUST, ET AL., | ) ) ) | |
| PLAINTIFFS-APPELLEES, | ) ) | CASE NO. 16 MO 0014 |
| V. | ) ) | OPINION |
| MAXINE PIATT, ET AL., | ) ) | AND JUDGMENT ENTRY |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:      Motion to Dismiss

JUDGMENT:      Dismissed

APPEARANCES:
For Plaintiffs-Appellees      Attorney Ethan Vessels
                              Attorney Olivia Walker
                              309 Second Street
                              Marietta, Ohio 45750

For Defendants-Appellants      Attorney Matthew W. Warnock
                               Attorney Daniel C. Gibson
                               Attorney Daniel E. Gerken
                               100 South Third Street
                               Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: February 16, 2017

PER CURIAM.

{¶1} Plaintiffs-appellees, Jeffrey D. Pike and Mindi A. Pike Trust, Jeffrey Pike and Mindi Pike, Trustees, et al., have filed a motion to dismiss as untimely the appeal of defendants-appellants, Maxine Piatt, et al.

{¶2} Appellants filed an appeal from a Monroe County Common Pleas Court judgment denying their motion to vacate that court's decision holding their mineral interests in the subject property had vested in appellees as surface owners after applying the 1989 Ohio Dormant Mineral Act (ODMA).

{¶3} This case began as a quiet title action involving the ODMA. Appellees own a 40-acre parcel of property in Monroe County, Ohio. The mineral interests were severed from the property in 1961 and were sold to appellants' predecessors-in-interest. Appellees filed a quiet title action arguing that no savings events had occurred in 20 years and that they, as the surface owners, should now be the owners of the mineral rights to the property.

{¶4} Appellants argued that two savings events had occurred, that the 2006 ODMA applied rather than the 1989 ODMA, and that the 1989 ODMA is not self-executing. The trial court granted summary judgment to appellees on April 9, 2015, and held that the 1989 ODMA applied, no savings events had occurred, and the mineral interests vested in Appellees as the surface owners.

{¶5} Appellants did not appeal that decision. Almost a year later, on March 18, 2016, appellants filed a Civ.R. 60(B) motion to vacate, explicitly conceding that the motion was filed as result of "clerical missteps," which they argued constituted excusable neglect resulting in the failure to file an appeal. The trial court denied appellants' motion to vacate.

{¶6} Appellants' appealed to this court. On appellees' motion, we dismissed the appeal on July 11, 2016, stating that appellants could not use Civ.R. 60(B) as a substitute for a timely appeal. *Pike v. Piatt*, 7th Dist. No. 16 MO 0007, 2016-Ohio-5041, ¶ 10.

{¶7} Then, on October 7, 2016, appellants filed another Civ.R. 60(B) motion to vacate the trial court's April 9, 2015 judgment based on the recent decision in *Corban v. Chesapeake Expl., L.L.C.*, Slip Opinion No. 2016-Ohio-5796. In its

November 16, 2016 judgment, the trial court observed that a subsequent change in the case law in an unrelated case is not grounds for Civ.R. 60(B) relief. The trial court found that other litigants in similar ODMA cases who timely appealed their judgments and whose judgments were not final may have been reversed by *Corban's* holding. But appellants did not timely appeal. Therefore, the trial court found that the judgment against appellants was final and they could not use Civ.R. 60(B) as a substitute for a timely appeal. Thus, the trial court denied appellants' Civ.R. 60(B) motion to vacate.

{¶8} On December 12, 2016, appellants' filed a notice of appeal from the November 16, 2016 judgment.

{¶9} On December 21, 2016, appellees filed a motion to dismiss. They argue we have no jurisdiction to consider the merit of this case because a change in controlling case law is not a reason to obtain Civ.R. 60(B) relief. They assert that once again, appellants are attempting to use Civ.R. 60(B) as a substitute for a timely appeal.

{¶10} In response, appellants assert that they timely filed their notice of appeal from the trial court's November 16, 2016 judgment. They argue appellees are confusing the issue of whether this appeal was timely filed with the issue of whether appellants should prevail on the merits of the case. Appellants contend the merits of this appeal are completely unrelated to whether they timely filed their notice of appeal in this case.

{¶11} This Court has expressly held that "[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." (Emphasis deleted.) *Hamilton v. Spirtos*, 7th Dist. No. 01-C.A.-58, 2002-Ohio-1562, ¶ 30, citing *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548 (1998). Any claims or arguments that were not raised in a timely appeal, but which could have been raised, are precluded from being raised in a subsequent Civ.R. 60(B) motion. *Id.* at 91. As the Ohio Supreme Court held in *State ex rel. Durkin v. Ungaro*, 39 Ohio St.3d 191, 529 N.E.2d 1268 (1988):

Such procedural devices cannot be used in order to obtain review of a judgment where a timely appeal was not filed. If we were to hold differently, judgments would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment.

*Id.* at 193.

**{¶12}** "When a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal." *Hamilton,* supra, at ¶ 35, citing State *ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 729 N.E.2d 755 (2000); *Key v. Mitchell*, 81 Ohio St.3d 89, 91, 689 N.E.2d 548 (1998); and *State ex rel. Durkin v. Ungaro*, 39 Ohio St.3d 191, 529 N.E.2d 1268 (1988).

**{¶13}** Appellants contend that a subsequent change in the controlling case law is grounds for Civ.R. 60(B) relief from the judgment even though the judgment from which they seek relief was final.

**{¶14}** The Ohio Supreme Court, however, has held that "[a] subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60(B)." *Doe v. Trumbull Cty. Children Services Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), at paragraph one of the syllabus. The Court reiterated "[a] party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal." *Id.* at paragraph two of the syllabus.

**{¶15}** Here, appellants are again attempting to use a Civ.R. 60(B) motion as a substitute for a timely appeal.

**{¶16}** Accordingly, we hereby dismiss this appeal. Costs taxed against appellants.

**{¶17}** Final order.  Clerk to serve notice as provided by Civil Rules.

Donofrio, J. concurs.

Waite, J. concurs.

Robb, P.J. concurs.