[Cite as *Hawkins v. Hawkins*, 2012-Ohio-2795.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

KAREN S. HAWKINS                      :

    Plaintiff-Appellee              :          C.A. CASE NO.    2011 CA 55

v.                                    :          T.C. NO.    05DR369

PHILLIP D. HAWKINS                    :          (Civil appeal from Common
                                                 Pleas Court, Domestic Relations)

    Defendant-Appellant             :

                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____22nd_____ day of _____June_____, 2012.

. . . . . . . . . .

SAMUEL J. PETROFF, Atty. Reg. No. 0014983, One S. Limestone Street, Suite 1000, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

DOUGLAS W. GEYER, Atty. Reg. No. 0022738 and SAMANTHA L. BERKHOFER, Atty. Reg. No. 0087370, 451 Upper Valley Pike, Springfield, Ohio 45504
    Attorneys for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}   Phillip Hawkins appeals from a judgment of the Clark County Court of Common Pleas, Domestic Relations Division, which overruled his Civ.R. 60(B) motion for relief from judgment.  The judgment at issue was his decree of divorce from Karen Hawkins, particularly the portion related to the distribution of his pension fund.

{¶ 2}    Because the trial court did not abuse its discretion in concluding that Mr. Hawkins's motion for relief from judgment was untimely and failed to raise a meritorious defense, the judgment of the trial court will be affirmed.

### *Facts and Procedural History*

{¶ 3}    Phillip and Karen Hawkins were married in 1978 and agreed to the terms of their non-contested divorce in the fall of 2005, including that September 30, 2005 would serve as the date of the end of their marriage.   At the time of their divorce, Mr. Hawkins had a pension plan with the Central States Southeast and Southwest Areas Pension Fund ("the pension plan"), and the parties had been married for the entire period of Mr. Hawkins's employment, by which he was eligible to participate in the pension plan.

{¶ 4}    The agreement that was documented in the divorce decree with respect to Mr. Hawkins's pension plan was as follows:

Defendant, Phillip D. Hawkins is * * * a participant in the * * * Pension Fund, which through September 2004 [sic], has earned him 16.383 years of contributory credit.   Plaintiff, Karen S. Hawkins shall receive a fifty

percent (50%) interest in said pension plan, said benefit to be determined as follows: date of Defendant's hire through September 30, 2005, the date of the final hearing herein; divided by the total years of eligibility at the time of defendant's retirement; multiplied by one-half of the total monthly benefit payable at the time of retirement.

Mrs. Hawkins's attorney was ordered to draft a Qualified Domestic Relations Order ("QDRO") to effectuate the division of the pension plan in accordance with the divorce decree. The QDRO was filed several years later, in December 2009.

{¶ 5} In January 2011, Mr. Hawkins filed a Civ.R. 60(B) motion for relief from judgment, in which he argued that the final decree of divorce did not "accurately reflect the agreement of the parties" at the time of the divorce. He acknowledged, however, that the QDRO "reflect[ed] the decree language which was erroneously entered;" he asserted that the QDRO was "a perpetuation of the error contained in the final decree."

{¶ 6} The trial court conducted a pre-trial conference with respect to the motion for relief from judgment and permitted the parties to file "written response[s]" with respect to the motion. After the parties had done so, the trial court overruled the motion for relief from judgment, finding that the motion was untimely and that Mr. Hawkins failed to raise a meritorious defense to the judgment.

### *Argument*

{¶ 7} Mr. Hawkins raises one assignment of error on appeal, which states:

**The trial court erred by failing to grant relief pursuant to Civil Rule 60B to correct an improper method of calculating plaintiff's**

**retirement benefits which resulted from an improper recitation in the divorce decree and subsequent QDRO which fails to reflect the agreement set forth in the record at the final hearing in this mater and which continues to provide an award of retirement benefits to plaintiff which is excessive and which deprives plaintiff of his equitable retirement benefits.**

{¶ 8} Mr. Hawkins contends that the trial court erred in overruling his motion for relief from judgment.

### *Standard of Review*

{¶ 9} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), at paragraph two of the syllabus.

{¶ 10} The grounds for relief enumerated in Civ.R. 60(B) are "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no

longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." The rule further provides that a motion for relief from judgment must be made "within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

{¶ 11} A Civ.R. 60(B) motion for relief from judgment "cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." *Key v. Mitchell,* 81 Ohio St.3d 89, 91, 689 N.E.2d 548 (1998); *Harris v. Anderson,* 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 9; *Risner v. Cline*, 2d Dist. Champaign No. 2003-CA-24, 2004-Ohio-3786, ¶ 5.. Any claims or arguments that could have been raised in a timely appeal are precluded from being raised in a subsequent Civ.R. 60(B) motion, because it is the function of the appellate court to correct legal errors committed by the trial court. *Key* at 91; *Seitz v. Seitz*, 2d Dist. Montgomery No. 23698, 2010-Ohio-3655, ¶ 7.

{¶ 12} Motions for relief from judgment under Civ.R. 60(B) are addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987); *National City Mtge. Co. v. Johnson & Assoc. Financial Services, Inc.,* 2d Dist. Montgomery No. 21164, 2006-Ohio-2364, ¶ 11. To constitute an abuse of discretion, the trial court's decision must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### *Grounds for Civ.R. 60(B) Relief in this Case*

*A. Civ.R. 60(B)(1)*

{¶ 13}    In his motion for relief from judgment and in his memorandum to the trial court, Mr. Hawkins's argument focused on Civ.R. 60(B)(1), which permits relief for "mistake, inadvertence, surprise or excusable neglect."   In his memorandum and an attached affidavit, Mr. Hawkins asserted that (1) he discovered the mistake with respect to the division of the pension plan when he initially reviewed the divorce decree, but was assured that the mistake would be corrected, (2) he "was presented with a faxed copy of the signature page unattached to the divorce decree," which he signed, believing that his signature was necessary to effectuate the correction of the decree to reflect "what was said at the final hearing," and (3) he did not realize that the error had not, in fact, been corrected until Mrs. Hawkins applied to receive her portion of the retirement benefits.   The documents presented by Mr. Hawkins with his Civ.R. 60(B) motion did not state who assured him that the mistake would be corrected or who presented him with the unattached signature page after the divorce decree had been signed.   Mr. Hawkins argued that the divorce decree "fail[ed] to accurately reflect the agreement of the parties," was "erroneous," and contained an "uncorrected error."

{¶ 14}    In overruling the motion, the trial court concluded that Mr. Hawkins had "not raised a meritorious defense to the judgment nor ha[d] he provided sufficient grounds justifying his request.   Further, his motion is not timely * * *."

{¶ 15}    Mr. Hawkins's argument in the trial court was clearly based on Civ.R. 60(B)(1) and, to obtain relief on that basis, he was required to file a Civ.R. 60(B) motion within one year from the judgment.   Although Mr. Hawkins admits that the alleged discrepancy between the agreement of the parties and the divorce decree was apparent to him

when the decree was filed, he did not appeal from the divorce decree and did not seek relief from the judgment for over five years. His motion for relief from judgment also was not filed within one year of the filing of the QDRO (which itself had not been appealed).

{¶ 16} Mr. Hawkins inaccurately asserts that "[w]hat constitutes a timely filing is based solely on the facts of the case and is at the discretion of the court." Civ.R. 60(B) expressly provides that a motion for relief from judgment made for reasons (1), (2) and (3) must be filed "not more than one year after the judgment, order or proceeding was entered or taken." It is not within the trial court's discretion to extend this time limit. Civ.R. 6(B); *In re Taaffe*, 11th Dist. Trumbull No. 96-T-5616, 1997 WL 799501, * 4, fn. 1 ("Civ.R. 6(B) prohibits a court from extending the time limit fixed by Civ.R. 60(B)."). The trial court did not err in overruling Mr. Hawkins's motion, because it was untimely.

{¶ 17} Mr. Hawkins's brief and the exhibits attached thereto (which were not presented in the trial court) attempt to establish that the decree and the QDRO are incorrect and that Mrs. Hawkins is receiving pension payments far in excess of what she was entitled to receive under the parties' agreement. Because Mr. Hawkins did not appeal from the divorce decree or the QDRO or seek relief from judgment within the time provided by Civ.R. 60(B)(1), we need not discuss the alleged discrepancies between the agreement that was read into the record and the divorce decree.

{¶ 18} We also reiterate that a party is not permitted to use a Civ.R. 60(B) motion as a substitute for an appeal. *Key,* 81 Ohio St.3d 89, 91, 689 N.E.2d 548. Because the alleged error was apparent to Mr. Hawkins when the decree of divorce was filed, he could have sought relief at that time by filing an appeal.

{¶ 19}    The trial court did not abuse its discretion in overruling Mr. Hawkins's motion for relief from judgment.

**B. Civ.R. 60(B)(4) and (5)**

{¶ 20}    On appeal, Mr. Hawkins raises additional bases for relief from judgment, citing Civ.R. 60(B)(4) and (5).   We will address these arguments briefly, although it is well settled that a party may not raise a new argument for the first time on appeal.   *Ihenacho v. Ohio Inst. of Photography & Technology*, 2d Dist. Montgomery No. 24191, 2011-Ohio-3730, ¶ 70;   *Rieger v. Montgomery Cty.*, 2d Dist. Montgomery Nos. 23145, 23162, 2009-Ohio-4125, ¶ 18.

{¶ 21}    Civ.R. 60(B)(4) provides for relief from a judgment where "it is no longer equitable that the judgment should have prospective application;" it "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *L.N.V. Corp. v. Edgar*, 12th Dist. Butler No. CA2011-10-190, 2012-Ohio-1899, ¶ 21, citing *Pumper v. Pumper,* 8th Dist. Cuyahoga No. 93916, 2010-Ohio-4131, ¶ 15.   In this case, it is apparent that Mr. Hawkins noticed the alleged error shortly after the judgment was filed, because he claims to have executed a new signature page in an attempt to effectuate a correction of the alleged error.   He does not claim to have taken any other steps to ensure that the alleged error was corrected.   We cannot conclude that Mr. Hawkins had "no opportunity to foresee or control" the alleged problem with the judgment.

{¶ 22}    Civ.R. 60(B)(5) permits relief "for any other reason justifying relief from the judgment."   This avenue of relief is "only to be used in an extraordinary and unusual

case when the interests of justice warrants it." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist. 1974). Mr. Hawkins argues that because, in his understanding, the decree and QDRO do not reflect the parties' intent in 2005, this is the unusual case where justice warrants setting aside both the decree and the QDRO. As the staff notes to Civ.R. 60(B)(5) comment, "[t]he grounds for invoking this catch-all provision * * * should be substantial * * * [such as] a judgment vitiated by a fraud on the court[;] * * * for example, the bribing of a juror, not by the adverse party, but by some third person."

{¶ 23} Civ.R. 60(B)(5) will apply only when one of the specific provisions enumerated in Civ.R. 60(B)(1)-(4) does not apply. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); it should not be used as a substitute for any of the other more specific provisions of Civ.R. 60(B), where the one-year time limit has expired. *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983); *Stairwalt v. Stairwalt*, 2d Dist. Champaign No. 2007 CA 30, 2008-Ohio-2597, ¶ 14. Because Mr. Hawkins's argument is clearly based on an alleged mistake in the judgment, which falls under Civ.R. 60(B)(1), he cannot seek relief under Civ.R. 60(B)(5).

{¶ 24} The assignment of error is overruled.

### Conclusion

{¶ 25} The judgment of the trial court will be affirmed.

. . . . . . . . . .

GRADY, P.J. and HARSHA, J., concur.

(Hon. William H. Harsha, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Samuel J. Petroff
Douglas W. Geyer
Samantha L. Berkhofer
Hon. Thomas J. Capper