[Cite as *Burns v. Burns*, 2018-Ohio-2262.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| KRISTIN L. BURNS n.k.a. CLENDENEN, | : | |
| Plaintiff-Appellant, | : | CASE NO.   CA2017-08-129 |
| | : | O P I N I O N |
| - vs - | | 6/11/2018 |
| | : | |
| BRIAN K. BURNS, | : | |
| Defendant-Appellee. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 11 DR 35031

Diehl & Hubbell, LLC, Kelly M. McKoy, 304 East Warren Street, Lebanon, Ohio 45036, for plaintiff-appellant

Michael J. Davis, 8567 Mason-Montgomery Road, P.O. Box 1025, Mason, Ohio 45040, for defendant-appellee

**HENDRICKSON, P.J.**

{¶ 1}   Plaintiff-appellant, Kristin L. Burns n.k.a. Clendenen ("Mother"), appeals from a decision of the Warren County Court of Common Pleas, Domestic Relations Division, dismissing her motion to hold defendant-appellee, Brian K. Burns ("Father"), in contempt. For the reasons stated below, we affirm the trial court's decision.

{¶ 2}   Mother's and Father's marriage was terminated by a decree of dissolution on

January 9, 2012. At this time, a final decree of shared parenting was also filed, which incorporated and adopted an agreed upon shared parenting plan for the parties two minor children: a son, born March 5, 1994, and a daughter, born September 7, 1996. The shared parenting plan provided that, "[p]ursuant to the best interests of the minor child and Ohio Rev. Code §3109.04, the parties hereby agree to the following Shared Parenting Plan for the care and custody of the parties' minor children * * *." The shared parenting plan further provided that with respect to tax exemptions, "[b]ased upon the evidence before the Court and the factors contained in Ohio Rev. Code §3119.82, effective tax year 2011, and each year thereafter, Mother shall be entitled to claim [Daughter] (DOB: 9/7/96) as a tax exemption."

{¶ 3} Daughter turned 18 years old on September 7, 2014 and graduated from high school in May of that year. As a result, in October 2015, the Child Support Enforcement Agency ("CSEA") filed an administrative recommendation that Father's child support for Daughter terminate, with an effective date of September 7, 2014. The trial court adopted the CSEA's recommendation in November 2015.

{¶ 4} Mother claimed Daughter as a tax exemption on her 2015 taxes. Unbeknownst to Mother, Father also claimed Daughter as a tax exemption on his 2015 taxes. Mother learned of Father's actions after receiving a notice from the IRS that both parents had claimed Daughter as an exemption and that an audit had been triggered. Mother contacted Father and requested that he amend his 2015 tax return. Father refused and indicated his intention to claim Daughter as a tax exemption on his 2016 taxes.

{¶ 5} On February 22, 2017, Mother moved to have Father found in contempt for claiming Daughter as a tax exemption in violation of the shared parenting plan. In response, Father filed a motion to dismiss Mother's motion for contempt, arguing that with Daughter's emancipation and the termination of the child support order, the domestic relations court no

longer had jurisdiction over the matter. Father also asked the court to award reasonable attorney fees related to the filing of the motion to dismiss. Mother filed a memorandum in opposition to Father's motion to dismiss.

{¶ 6} The matter was submitted to a magistrate without an evidentiary hearing. The magistrate granted Father's motion to dismiss, finding that pursuant to R.C. 3119.82, the statute governing the designation of the parent entitled to claim a child's tax dependency exemption, "the Court *only has authority* to designate which parent may claim a child as a dependent for income tax purposes so long as the Court has the authority to issue or modify a child support order." As Daughter had turned 18 and was emancipated, thereby terminating Father's child support order, the magistrate held that "the authority of the Court to designate who could claim [Daughter] for income tax purposes terminated. Therefore, Father claiming [Daughter] on his 2015 tax return is not under this Court's jurisdiction." Father's request for attorney fees was denied, however, as the magistrate found Mother brought her motion for contempt in good faith.

{¶ 7} Mother filed objections to the magistrate's decision, arguing that R.C. 3119.82 was not applicable to the case and that the parties had contracted for Mother to claim Daughter as a tax exemption beyond the child support order and Daughter's emancipation when the parties used the language "each year thereafter" in the shared parenting plan. The trial court overruled Mother's objections, finding that with certain inapplicable exceptions, the language used in the shared parenting plan "indicates that the terms of the * * * [p]lan were meant to remain enacted as long as the child [was] a minor child under the care and custody of the parents." As Daughter had reached the age of majority, the terms of the shared parenting plan governing tax exemptions no longer applied. The court further found that R.C. 3119.82 authorized the allocation of the tax exemption only for children subject to a child support order and, since Daughter was emancipated and no longer subject to a child support

- 3 -

order, the court no longer had jurisdiction to determine which parent was authorized to claim Daughter as an exemption. The court therefore adopted the magistrate's decision granting Father's motion to dismiss.

{¶ 8} Mother appealed, raising the following as her sole assignment of error:

{¶ 9} THE TRIAL COURT ERRED WHEN IT DISMISSED MOTHER'S MOTION WITHOUT A HEARING.

{¶ 10} In her sole assignment of error, Mother argues the trial court erred by granting Father's motion to dismiss her motion for contempt. Mother contends the trial court retained jurisdiction to enforce the decree of shared parenting, which includes the terms of the agreed-to shared parenting plan. Mother asserts that under the express terms of this plan, she and Father "contracted the tax dependency issue beyond [Daughter's] age of majority." She further argues that R.C. 3119.82 is inapplicable to the present case and that the present case is distinguishable from *Kent v. Kent*, 9th Dist. Summit No. 25231, 2010-Ohio-6428, a case relied upon by the magistrate in determining the court no longer had jurisdiction over the case as Daughter had reached the age of majority.

{¶ 11} In *Kent*, a husband and wife sought to divorce one another. At the time of trial, they had six children, three of whom were emancipated. *Id.* at ¶ 4. In the final decree of divorce, the trial court issued a child support order in regard to the couple's three minor children. *Id.* The court also ordered that "Husband shall claim two of the four older children and one of the younger children as tax exemptions." *Id.* Wife challenged the trial court's allocation of the tax dependency exemptions. *Id.* at ¶ 3. On appeal, the Ninth District Court of Appeals found that the trial court lacked jurisdiction to vest in Husband the right to claim his emancipated children as tax exemptions. *Id.* at ¶ 8. The court recognized the "well-settled law that a trial court lacks jurisdiction to either address in the first instance or modify parental rights and responsibilities in regard to children who are emancipated. * * * [W]hen

- 4 -

the domestic relations court lacks jurisdiction to issue or modify a child support order due to a child's emancipation, it further lacks the authority to designate which parent may claim the emancipated child for income tax purposes." *Id.* at ¶ 6. In reaching this determination, the court examined R.C. 3119.82 and found that "the canon of construction expressio unius est exclusion alterius, i.e., the express inclusion of one thing implies the exclusion of the other, compels this Court to conclude that the legislature did not intend to expand the domestic relations court's jurisdiction over emancipated children simply by omitting any reference to them in the statute." *Id.* at ¶ 7.

{¶ 12} The present case differs from *Kent*, as it does not involve an initial allocation of the tax exemption for children who have already reached the age of majority. Rather, the allocation of the tax exemption for the parties' children occurred in 2012, when the children were minors and the shared parenting plan was adopted by the court. When she filed her motion for contempt, Mother sought to invoke the domestic relations court's jurisdiction to enforce the terms of the shared parenting decree, which adopted the parties' shared parenting plan – a contract which she believes provides her with the right to claim Daughter as a dependent for tax purposes for as long as Daughter is a student and under the age of 24, in accordance with 26 U.S.C. 152(c)(3)(A)(ii).[1]

{¶ 13} "[A] court may enforce its own orders, including divorce decrees." *Stocker v. Stocker*, 9th Dist. Wayne No. 12CA0021, 2012-Ohio-5821, ¶ 22, citing R.C. 3105.65(B) ("The court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, to parenting time of parents with the children, and to visitation for persons who are not the

---

1. Pursuant to federal law, a parent is permitted to claim a "qualifying child" as a dependent for tax purposes as long as the qualifying child "is a student who has not attained the age of 24 at the close of such calendar year." 26 U.S.C. 152(c)(3)(A)(ii). The definition of "qualifying child" is set forth in 26 U.S.C. 152(c)(1)(A)-(E).

- 5 -

children's parents"). *See also Howard v. Howard*, 12th Dist. Butler No. CA99-09-158, 2000 Ohio App. LEXIS 5394, *4 (Nov. 20, 2000) (noting that a trial court has the responsibility of interpreting and enforcing the provisions set forth in a shared parenting plan adopted by the court in a decree). "Under Civ.R. 75([J]), the continuing jurisdiction of a court that issues a domestic relations decree 'may be invoked by the filing of any motion by a party.'" *State ex rel. Soukup v. Celebrezze*, 83 Ohio St.3d 549, 551 (1998), quoting *Blake v. Heistan*, 99 Ohio App.3d 84, 87 (3d Dist.1994).

{¶ 14} Mother claims the shared parenting plan specifically provides that she is the parent entitled to claim Daughter as a dependent for tax purposes. "A shared parenting plan is a contract." *Johnson-Wooldridge v. Wooldridge*, 10th Dist. Franklin No. 00AP-1073, 2001 Ohio App. LEXIS 3319, *16 (July 26, 2001); *Pastor v. Pastor*, 9th Dist. Summit No. 26789, 2013-Ohio-4174, ¶ 7. As a result, in interpreting and enforcing provisions of a shared parenting plan, a court must follow the rules of contract construction and interpretation "so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Id.*, quoting *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244 (1974), paragraph one of the syllabus. If the terms in a shared parenting plan are unambiguous, then the words must be given their plain, ordinary, and common meaning. *Id.*; *Howard*, 2000 Ohio App. LEXIS 5394 at *4.

{¶ 15} The shared parenting plan provided that "[p]ursuant to the best interests of the minor child and Ohio Rev. Code §3109.04, the parties hereby agree to the following Shared Parenting Plan *for the care and custody of the parties' minor children * * *.*" (Emphasis added.) With respect to the tax exemption for Daughter, the plan further provided that "[b]ased upon the evidence before the Court and the factors contained in Ohio Rev. Code §3119.82, effective tax year 2011, and *each year thereafter*, Mother shall be entitled to claim [Daughter] (DOB: 9/7/96) as a tax exemption." (Emphasis added.)

{¶ 16} The phrase "each year thereafter" is predicated upon the "evidence * * * and the factors contained in Ohio Rev. Code §3119.82." Determination of the tax exemption was therefore based on R.C. 3119.82, which provides that "[w]henever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may *claim the children who are the subject of the court child support order* as dependents for federal income tax purposes * * *." (Emphasis added.) The determination of which parent may claim a child as a dependent for tax purposes is therefore undeniably tied into a child support order. Thus, the phase "each year thereafter," in the shared parenting plan refers to each year after 2011 that the child support order was in effect. As Father's child support obligation terminated on September 7, 2014 when Daughter turned 18 and was emancipated, this provision of the shared parenting plan does not govern which parent may claim Daughter as a tax exemption after her emancipation.

{¶ 17} Furthermore, contrary to Mother's assertion, use of the phrase "each year thereafter" does not indicate the parties' intent that she be permitted to claim Daughter even after Daughter's emancipation. When the parties contemplated certain rights and obligations lasting beyond their children's emancipation, the parties specifically set forth their rights and obligations in the shared parenting plan. For example, the shared parenting plan required Father to pay money towards Daughter's college expenses and this obligation continued after Daughter reached the age of majority. Pursuant to the terms of the shared parenting plan, "Father shall pay up to $30,000 per year for [Daughter] to attend college * * *" and "[t]his obligation shall continue for a period of five years, or when [Daughter] obtains both a Bachelor's degree and Masters decree, whichever occurs first." The shared parenting plan also required Father to "maintain health insurance" for the children "until each child is 26 years old" and to "maintain automobile insurance for the children "until each child is 26 years old." Had the parties intended for Mother to be able to claim Daughter as a tax exemption

beyond her emancipation, the parties would have included a similar statement that Mother could claim Daughter for tax purposes until she was 24 years old. They did not do this. As a result, the issue of which parent may claim Daughter as an exemption is determined by application of 26 U.S.C. 152(c) and (e).[2]

{¶ 18} Accordingly, for the reasons expressed above, we find that the trial court did not err in granting Father's motion to dismiss Mother's motion for contempt. As the issue of which parent could claim Daughter as a tax exemption after she reached the age of majority was not agreed upon by the parties or set forth in the adopted shared parenting plan, the trial court could not find Father in contempt for allegedly violating the shared parenting plan. Moreover, as Daughter had reached the age of majority, the court no longer had jurisdiction to determine which parent should be permitted to claim her for tax year 2015. *See, e.g., Miller v. Miller*, 154 Ohio St. 530 (1951) (noting that in divorce and child support actions, a common pleas court does not possess general equity powers but can exercise only such power as the statutes expressly give it and that a court generally lacks jurisdiction to address in the first instance or to modify parental rights and responsibilities after children have reached the age of majority).[3]

{¶ 19} Mother's sole assignment of error is, therefore, overruled.

{¶ 20} Judgment affirmed.


RINGLAND, J., concurs.


M. POWELL, J., concurs in judgment only.

2. Pursuant to 26 U.S.C. 152(c)(4)(B), where more than one parent of a "qualifying child" wishes to claim the child as a tax exemption, and the parents do not file a joint return together, "such child shall be treated as the qualifying child of (i) the parent with whom the child resided for the longest period of time during the taxable year, or (ii) if the child resides with both parents for the same amount of time during such taxable year, the parent with the highest adjusted gross income." 26 U.S.C. 152(e) also sets forth "special rules" for divorced parents in determining which parent may claim the "qualifying child."

3. In reaching this determination, we decline to adopt the rationale expressed by the Sixth District Court of Appeals in *Casey v. Casey*, 6th Dist. Lucas No. L 89-189, 1990 Ohio App. LEXIS 2110 (June 1, 1990). *Casey* was decided prior to the enactment of R.C. 3119.82. Mother's reliance on the case is, therefore, misplaced.