[Cite as *Maanu v. Bobie*, 2026-Ohio-691.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| REGINA MAANU, | : | |
| Appellee, | : | CASE NO. CA2025-05-048 |
| vs. | : | <u>OPINION AND</u><br><u>JUDGMENT ENTRY</u><br>3/2/2026 |
| FRANCIS BOBIE, | : | |
| Appellant. | : | |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR20090633

Zachary D. Smith, LLC, and Zachary D. Smith, for appellee.

Smith & Webb, Attorneys, and Mark D. Webb, for appellant.

## **O P I N I O N**

**SIEBERT, J.**

{¶ 1} Appellant, Francis Bobie ("Husband"), appeals a decision from the Butler County Court of Common Pleas, Domestic Relations Division, denying his Civ.R. 60(B)

motion for relief from judgment. After review, we conclude that Husband failed to satisfy the requirements for relief under Civ.R. 60(B) and, accordingly, the trial court did not err in denying the motion.

**Facts and Procedural History**

*Prior Litigation*

{¶ 2}  Husband and Regina Maanu ("Wife") were divorced pursuant to a decree journalized on December 6, 2022. In that decree, the trial court divided the parties' marital and separate property and determined that the total value of the marital property was $4,904,097.56. As relevant here, the court awarded Husband the marital residence located at 8194 Sea Mist Court, West Chester, Ohio (the "Property").

{¶ 3}  To equalize the division of assets, the court ordered Husband to pay Wife a lump sum property equalization payment of $922,591.13.[1] To partially secure that obligation, the court reserved jurisdiction to order the sale of the Property if necessary.

{¶ 4}  Husband filed a direct appeal. For reasons stated therein, this court reversed the trial court's reservation of jurisdiction and remanded the matter with instructions to remove that language from the decree. *Bobie v. Bobie*, 2023-Ohio-3293 (12th Dist.) ("*Bobie I*"). The Supreme Court declined jurisdiction.

{¶ 5}  While his appeal to the Supreme Court was pending, Husband filed a Civ.R. 60(B) motion for relief from judgment on December 4, 2023. In that motion, he sought an order compelling Wife to convey her interest in the Property by quitclaim deed, asserting that sole title was necessary for him to pursue insurance litigation arising from water damage to the Property.

{¶ 6}  Following this court's remand in *Bobie I*, the trial court removed the

---

1. Upon remand, the trial court recalculated the equalization payment and ordered Husband to pay Wife a revised amount of $913,593.25 within 90 days of the entry.

reservation-of-jurisdiction language from the decree. Husband then filed a new notice of appeal on January 4, 2024. In *Maanu v. Bobie*, 2024-Ohio-2395 (12th Dist.) ("*Bobie II*"), this court affirmed the trial court's decision.

{¶ 7} Because both the Supreme Court appeal and the appeal in *Bobie II* were pending, the trial court did not conduct further proceedings on Husband's Civ.R. 60(B) motion at that time. After those proceedings concluded, the trial court scheduled a hearing on the motion for March 25, 2025.

*Hearing on Civ.R. 60(B) motion*

{¶ 8} At the hearing, Husband testified that in January 2023, he discovered significant water damage at the Property after pipes burst during a winter freeze. He asserted that the damage rendered the home uninhabitable. According to Husband, his bank refused to extend financing for necessary repairs unless Wife agreed to join in the loan application. Husband testified that he presented Wife with a quitclaim deed to transfer her interest in the Property to him, but she declined to execute it.

{¶ 9} Husband further testified that he initiated litigation against his insurer regarding a coverage dispute stemming from the water damage and ultimately reached a settlement. Although he received a settlement, he maintained that additional repairs were required and that he needed financing to complete them. He also claimed that he lacked alternative housing. On cross-examination, however, Husband acknowledged that he had purchased another residence in Tampa, Florida, valued at approximately $600,000.

{¶ 10} On April 18, 2025, the trial court denied Husband's Civ.R. 60(B) motion. The court concluded that Husband failed to demonstrate newly discovered evidence, fraud, or any other basis warranting relief from judgment, and further determined that the decree was not inequitable. Husband now appeals, raising two assignments of error for review.

**Appeal**

*First Assignment of Error: Denial of the Civ. R. 60(B) Motion*

{¶ 11} In his first assignment of error, Husband claims the trial court erred by denying his Civ.R. 60(B) motion. He specifically argues that the "unknown catastrophic loss" to the Property constitutes newly discovered evidence and warrants equitable relief. Husband asserts that neither he nor anyone else could have anticipated the severe winter freeze or the resulting damage from burst pipes.

{¶ 12} Civ.R. 60(B) provides that the trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

{¶ 13} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that it (1) has a meritorious claim or defense to present if the motion is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) has made the motion within a reasonable time. *Kutz v. Kutz*, 2013-Ohio-532, ¶ 8 (12th Dist.). Failing to meet any one of these three factors is dispositive, for all three must be satisfied to gain relief. *Bowman v. Leisz*, 2014-Ohio-4763, ¶ 16 (12th Dist.).

- 4 -

{¶ 14} This court reviews a trial court's decision granting or denying a Civ.R. 60(B) motion for an abuse of discretion. *Kutz* at ¶ 9. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Sparks v. Sparks*, 2016-Ohio-2896, ¶ 7 (12th Dist.).

{¶ 15} Husband asserts that relief is warranted under Civ.R. 60(B)(2), (4), and (5). We first address his reliance on Civ.R. 60(B)(2). That provision permits relief based upon newly discovered evidence that could not have been discovered in time to move for a new trial under Civ.R. 59(B). "Newly discovered evidence" refers to evidence that existed at the time of the proceeding but could not have been discovered through the exercise of reasonable diligence. *In re L.D.M.*, 2021-Ohio-1853, ¶ 48 (12th Dist.); *Dunham v. Dunham*, 2007-Ohio-1167, ¶ 109 (10th Dist.).

{¶ 16} In this case, the only "newly discovered evidence" identified by Husband is the burst pipes and resulting water damage to the Property. However, the damage occurred months after the divorce hearing and after the decree had been issued. Because the condition did not exist at the time of the proceedings, it cannot qualify as "newly discovered evidence" within the meaning of Civ.R. 60(B)(2). His claim under that subsection therefore fails.

{¶ 17} Husband also relies on Civ.R. 60(B)(4) and (5) to argue for relief. Civ.R. 60(B)(4) allows relief where it is no longer equitable for a judgment to have prospective effect because of unforeseen changes in circumstances. *L.N.V. Corp. v. Edgar*, 2012-Ohio-1899, ¶ 21 (12th Dist.). Civ.R. 60(B)(5) serves as a catchall for exceptional cases where justice requires relief. *Hawkins v. Hawkins*, 2012-Ohio-2795, ¶ 22 (2d Dist.).

{¶ 18} According to Husband's brief, he vacated the residence for an unspecified period during the winter months of 2022. While the home was unoccupied, temperatures fell below freezing, causing the pipes to burst and resulting in substantial damage.

Husband filed an insurance claim, but he asserts that the proceeds were insufficient to cover the necessary repairs.

{¶ 19} As an initial matter, Husband does not distinguish between Civ.R. 60(B)(4) or (5) or explain why either provision applies. This omission is notable because Civ.R. 60(B)(5) is available only when none of the specific grounds in Civ.R. 60(B)(1) through (4) apply. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶ 20} Even addressing the merits, however, this argument is unpersuasive. We agree with the trial court that freezing temperatures during winter months—and the attendant risk of burst pipes in an unoccupied residence—are neither extraordinary nor unforeseeable events. The fact that Husband maintained insurance, albeit allegedly for an inadequate amount of coverage, further demonstrates that the risk could have been anticipated. Property damage resulting from winter weather, and dissatisfaction with insurance proceeds, do not constitute the type of unusual or extraordinary circumstances necessary to justify relief under Civ.R. 60(B)(4) or (5).

{¶ 21} In his brief, Husband asserts that he merely seeks the ability to repair the Property and access the equity in an asset already awarded to him under the decree. However, as we explained in *Bobie I*, "a trial court always retains full power to enforce the provisions of a divorce decree." *Bobie I*, 2023-Ohio-3293 at ¶ 72, citing *Pettit v. Pettit*, 2012-Ohio-1801, ¶ 58 (12th Dist.), and *Cherry v. Figart*, 86 Ohio App.3d 123, 126 (12th Dist.1993).

{¶ 22} "Under Civ.R. 75([J]), the continuing jurisdiction of a court that issues a domestic relations decree 'may be invoked by the filing of any motion by a party.'" *Burns v. Burns*, 2018-Ohio-2262, ¶ 13 (12th Dist.), quoting *State ex rel. Soukup v. Celebrezze*, 83 Ohio St.3d 549, 551 (1998). "A postdecree show-cause motion filed by a party invokes both the inherent power of a domestic relations court to enforce its own orders and the

court's continuing jurisdiction under Civ.R. 75[J]." *Davis v. Davis*, 2022-Ohio-3179, ¶ 58 (12th Dist.); *Barton v. Barton*, 2017-Ohio-980, ¶ 75 (2d Dist.).

{¶ 23} Here, Husband complains that Wife has not executed a quitclaim deed to the Property. Wife, in turn, maintains that Husband has not satisfied the ordered property equalization payment. These are separate obligations arising from the decree. Neither party may condition compliance with the court's order upon the other's performance. If enforcement issues remain, the appropriate remedy lies in invoking the trial court's continuing jurisdiction to enforce its decree—not in seeking to vacate the judgment as Husband attempts to do in the instant matter.

{¶ 24} Following review, we find Husband is not entitled to relief under Civ.R. 60(B). Accordingly, the trial court did not abuse its discretion in denying the motion. Husband's first assignment of error is overruled.

*Second Assignment of Error: Alleged Contradiction of Prior Order*

{¶ 25} In his second assignment of error, Husband argues that the trial court's denial of his Civ.R. 60(B) motion violates this court's remand instructions in *Bobie I* and R.C. 3109.171(I).

{¶ 26} In *Bobie I*, this court addressed, among other things, the limitations imposed by R.C. 3105.171(I). We explained that "[o]nce a trial court has made an equitable property division and issued a divorce decree, it lacks jurisdiction to modify or amend the marital property division unless both spouses expressly consent in writing to the modification." *Bobie I*, 2023-Ohio-3293, at ¶ 72. Applying that principle, we held that the trial court abused its discretion by retaining jurisdiction to modify the property division and ordered the trial court to excise the following language from the decree:

> In the event Husband refuses to pay Wife the equalization payment, the Court reserves jurisdiction to order the sale of the home at 8194 Sea Mist Court or make other orders as

necessary.

*Id.* at ¶ 74.

{¶ 27} On remand, the trial court complied with our mandate and removed the offending language from the decree. While the trial court did not include language regarding the title to the Sea Mist home in the order, the holding in *Bobie I* made it clear that the divorce decree divided all the marital property and the trial court could not retain jurisdiction over the property division, in whole or in part.

{¶ 28} Husband nevertheless contends that "[b]y failing to afford Husband a Quit Claim Deed and ownership of the home free and clear . . . the Trial Court is in effect circumventing the direct Orders contained within the prior remand." He asserts that the court's refusal to grant him "free and clear" ownership effectively preserves the ability to modify the property division despite this court's prior decision.

{¶ 29} We find this argument to be without merit. The trial court fully complied with our mandate by striking the impermissible reservation-of-jurisdiction language. The denial of Husband's Civ.R. 60(B) did not modify the property division or provide the trial court with the opportunity to do so. As noted previously, if Husband believes the decree is not being honored, the proper remedy lies in invoking the trial court's continuing jurisdiction to enforce its orders—not in seeking to vacate the judgment under Civ.R. 60(B). The denial of the motion therefore did not contravene either our remand instructions or R.C. 3105.171(I).

{¶ 30} Husband's second assignment of error is overruled.

## Conclusion

{¶ 31} Husband and Wife have several options to file motions to enforce the portions of the divorce decree the other has not complied with. Husband can move the trial court to order Wife to sign the quitclaim deed. As discussed at oral argument, we

presume the trial court would grant such a motion, in order to effectuate and enforce the marital property division required by the decree and from the decision in *Bobie I*.[2] Thereafter, Husband could file a motion to show cause why Wife should not be held in contempt if Wife refuses to sign the quitclaim deed when ordered to do so. If Husband has not made the court-ordered equalization payment, Wife could file a motion to show cause why Husband should not be held in contempt, and the trial court has a multitude of remedies to grant Wife—including asserting equitable liens against any property Husband owns. How the parties and the trial court proceed from here is up to them, but a Civ.R. 60(B) motion cannot be substituted for a motion to enforce a prior divorce decree, which was fully and properly adjudicated.

{¶ 32} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.

---

2. After all, the point of *Bobie I*'s order to remove the trial court's improper retention of jurisdiction over property division was based on a recognition that the trial court has to *actually* divide marital property and could not hold it "hostage" until a party complies fully with the decree. Enforcement actions by the trial court properly handle noncompliance issues.

- 10 -

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robin N. Piper, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge